FORT SMITH RIM & BOW COMPANY *v.* QUALLS.

Opinion delivered December 13, 1920.

1. MASTER AND SERVANT—ILLEGAL EMPLOYMENT OF MINOR AS NEGGENCE.—The employment of a minor under 16 in violation of Acts 1915, p. 1505, is negligence *per se;* and if injury results to the minor, the defenses of assumed risk and contributory negligence are not available to the master.

2. APPEAL AND ERROR—CONFLICTING INSTRUCTIONS—HARMLESS ERROR.—In an action for injuries to a minor employed in violation of Acts 1915, p. 1505, the giving of instructions which authorized recovery regardless of assumed risk and contributory negligence was not prejudicial, though the court also instructed the jury that assumed risk and contributory negligence would be good defenses.

3. MASTER AND SERVANT—AGE OF MINOR.—Under the Child Labor Act (Acts 1915, p. 1505), a child is under 16 until he reaches his sixteenth birthday.

4. TRIAL—INSTRUCTION—ASSUMPTION OF CONTROVERTED FACT.—In an action for injury to a minor, where plaintiff's evidence tended to prove that he was directed to do work which it was unlawful for the master to require of him, it was not error to refuse to

instruct that defendant had the right to employ a minor at the work at which plaintiff was employed.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*James B. McDonough,* for appellant.

1. Under initiative act No. 1, Acts 1915, p. 1505, there was no liability, as the boy was not under sixteen years of age. 1 A. & E. Enc. Law, p. 927. The evidence does not warrant a finding that plaintiff was employed to work at adjusting any belt to any machine. As to meaning of the word "employ," see 90 Pac. 259; 210 Mass. 387. All the authorities on the subject indicate that defendant did not employ the plaintiff to adjust a belt and did not violate the law. If an employee of defendant, without authority, employed plaintiff to adjust a belt, that would not make defendant liable; in other words, if Rickman, who was operating the ripsaw, without authority directed plaintiff to adjust a belt on the machine, that act would not render the defendant liable. It would render Rickman liable, but not defendant. Before an employee of a corporation can impose a liability upon the corporation for the acts of its servants, the latter must act with the authority of the corporation and within the scope of that authority. If an employee of a corporation acts beyond the limit of his authority, such acts do not render the corporation liable. 40 Ark. 298; 93 *Id.* 397; 87 *Id.* 540. If Rickman had some authority to give directions as to the off-bearing by plaintiff, that did not give him authority or justify the inference that Rickman had authority to direct plaintiff contrary to the law and defendant's rules to place a belt on the machine. 65 Ark. 145; 101 *Id.* 586; 79 *Id.* 85; 115 *Id.* 288. The evidence is undisputed that Rickman did not have authority to request plaintiff to do anything with the belt, and there was no violation of the statute. Plaintiff was not "operating or assisting in operating" a circular or band saw. He was only directed to off-bear from the ripsaw. No person representing the corporation had au-

thorized him to do anything with the belt. Rickman alone was employed to operate the saw. "Operate" means to put into or continue in activity. It means to direct and control the activities of a machine. 37 N. E. 858; 75 Mo. 653; 78 Mich. 426; 179 N. Y. 588. Plaintiff was not employed to adjust any belt to a machine, and as matter of law the statute was not violated, and the court should have so advised the jury by instructing a verdict for defendant.

2. It was error to give instruction No. 1 for plaintiff. It declared as matter of law that defendant was guilty of the acts of negligence alleged in the complaint, and it was error to submit to the jury the six acts of negligence set up in the complaint, also a grave error in submitting to the jury the question of whether plaintiff *assisted* in the operation of the circular saw. There was no proof upon which that allegation of negligence could be submitted. There was no evidence to show that Rickman had any power to employ or request or direct plaintiff to assist in the operation of the saw. It was also error to submit to the jury the question of whether defendant was guilty of negligence in permitting plaintiff to assist in the operation of a circular ripsaw "without guard or shield to protect plaintiff." There was not sufficient evidence to submit to the jury the question of *the guard or the shield.* It was not shown that the absence of the guard or shield was the proximate cause of the injury. It was also grave error to submit to the jury an alleged act of negligence "that defendant allowed and permitted said circular ripsaw to be used by the plaintiff." There was no evidence that defendant permitted plaintiff to use the circular saw. It was also error to admit in evidence the belt on the ripsaw. As a matter of fact, it was not on the saw and had nothing to do with the movement of the saw. Instructions should not submit to a jury acts of negligence not supported by the testimony. Citations are unnecessary, as it is well settled. Rickman was the operator of the circular saw, and the

evidence was wholly inadmissible to sustain the allegation as to plaintiff being allowed to *assist* in operating the saw. 87 S. W. 349; 111 N. Y. S. 557.

3. It was error to give plaintiff's request No. 2. It assumes that the acts of negligence were committed by servants and agents of defendants who were acting within the scope of their employment. This was palpable error.

4. It was error to give Nos. 3 and 4 for plaintiff. They take away a just defense of defendant.

5. It was error to give Nos. 6 and 8 and 9 for plaintiff. The negligence complained of was not the proximate cause of the injury. 4 Crawford's Digest, §§ 26 to 31 D on "Negligence."

6. It was also error to give Nos. 10, 11, 12, 13, 14, 15, 17, 20 and 21, for plaintiff.

7. It was error to refuse the peremptory instruction for defendant.

*J. F. Omelia,* for appellee.

1. The evidence clearly shows a violation of the act of 1915 by allowing a child under sixteen years of age to adjust a belt on a circular ripsaw. Acts 1915, p. 1505.

2 and 3. There was no error in the instructions, and the evidence sustains the verdict. 73 Ark. 595; 90 *Id.* 407; 3 Crawford's Digest, p. 3400. Defendant had a fair trial and the judgment should be affirmed.

SMITH, J. Samuel Qualls, sued by his father as next friend, to recover damages for an injury sustained by him while in the employment of appellant company. The first application made by the father for employment was refused on account of his age. Thereafter the boy secured a permit from the Department of Labor, authorizing appellant to employ the boy. The boy was placed at work at what is known as off-bearing from a circular rip-saw, and according to appellant the boy had no duties except to carry away pieces of timber after

they had come through the saw, and it was denied that the boy had anything whatever to do with the operation of the saw.

The testimony shows that, while engaged in adjusting the belt under the circular rip-saw machine, the boy's right hand came into contact with the moving teeth of the rip-saw, which cut off all four of his fingers and the thumb of the right hand and the palm of that hand.

According to the testimony offered on behalf of the plaintiff, the boy was placed under the control of Rickman, the operator of the saw, and told to do what Rickman directed, and pursuant to Rickman's direction he was engaged in adjusting the belt at the time of his injury.

The injury occurred on July 24, 1919, and the boy was sixteen years old on January 5, 1920. As his sixteenth was his nearest birthday, the contention is made that he was not under sixteen years of age within the meaning of the act of the Legislature under which this suit was brought.

There was a verdict and judgment for the plaintiff, from which is this appeal.

The instructions in the case were numerous and in some respects conflicting. This conflict grows out of the fact that some of the instructions declared the common-law liability of the master to an inexperienced servant, while other instructions were evidently based upon Initiative Act No. 1, declared effective by the proclamation of the Governor dated October 13, 1914, and found in the Acts of 1915 at page 1505. In other words, a recovery was sought under the Initiative Act, yet it was not solely relied upon. The result of this action is that certain instructions submitted the defenses of assumption of risk and contribuory negligence, while other instructions excluded those defenses.

It was error to do this, but no prejudice resulted therefrom. We have, in the opinion handed down this day in the case of *Terry Dairy Co.* v. *Nalley, ante* p. 448, con-

strued the Initiative Act, and under the construction there given it we have held that the employment of a minor in violation of the statute is, itself, negligence *per se,* and if injury results to the minor the defenses of assumption of risk and contributory negligence are not available. If, therefore, the boy's injury occurred while appellant was violating the statute, no prejudice resulted from the fact that some of the instructions submitted the defenses of contributory negligence, and others that of assumption of risk, because those instructions were more favorable to appellant than they should have been. It was not error to make all the instructions more favorable than they should have been because some of them were, and if appellant was not entitled to these defenses there was no error in giving instructions which eliminated them.

It is undisputed that the boy had not attained his sixteenth birthday, and appellant is mistaken in its contention that the act is not applicable because the boy's nearest birthday was his sixteenth. One is under sixteen until he reaches his sixteenth birthday. In the case of *Gibson* v. *People,* 99 Pac. 333, the Supreme Court of Colorado had occasion to define the phrase, "sixteen years of age and under," and held that these words excludes children who have passed beyond their sixteenth birthday, as a child is sixteen years of age on the sixteenth anniversary of his birth, and that thereafter the child is over sixteen years of age, and that one could not be convicted of contributing to the delinquency of a child who had passed his sixteenth birthday under a statute using that phrase. See, also, 1 A. & E. Enc. of Law, 927, and cases there cited.

At the request of appellant the court gave the following instructions:

"3. If the plaintiff was injured solely because of his leaving his regular work, and because of his effort to put a belt on the saw, and if the plaintiff had sufficient knowledge to realize the dangers in doing that work, and if he was not employed to do that work, and if that was the sole cause of his injury, then he can not recover.

"3-A. If the plaintiff, Samuel Qualls, was employed by the defendant to off-bear timbers from the rip-saw, and if he was not employed to assist in the operation of the rip-saw, and had nothing whatever to do with its bands and belts, and the setting of the same, and if he voluntarily and without being so directed to do, by the foreman, or any one over him, attempted to place the belt on the pulley and was injured thereby, then he can not recover on the ground that his injury was due to any violation of the law.

"4. If the plaintiff was not employed to work at the rip-saw, and was not employed to work at the belts by some one having authority to employ him, and if he was not employed in violation of law, then the question arises, if the facts warrant it, as to whether the plaintiff assumed the risk. If he was a boy of ordinary intelligence, and if he understood the dangers incident to the work which he was doing, and if he voluntarily, and without being told to do so, attempted to change a belt and place it on the pulley, and if he understood the nature of the machinery and the work and in attempting to place said belt on the pulley knowing the dangers, and was cut, and if he understood its dangers, then he can not recover."

Under the interpretation of the Initiative Act given by us in the case of *Terry Dairy Co.* v. *Nalley, supra,* appellant could not have asked instructions more favorable. The instructions set out above were all the instructions requested by appellant except instructions numbered 1 and 2. Instruction number 1 directed a verdict in favor of appellant. Instruction numbered 2 substantially declared the law as stated in instructions 3, 3-A and 4, set out above, except that it contains the statement that "under the laws of Arkansas in force at the time the plaintiff was hurt, towit, on July 24, 1919, the defendant had the right to employ a minor under the age of sixteen years of age at the work at which said minor was employed." It would have been proper to

refuse this instruction because of this statement. It assumed, as a fact, one of the disputed questions in the case, that is, that the boy had no duty to perform about the saw, or the belts, while the evidence on that question is sharply conflicting.

The testimony on behalf of the boy shows that he was employed with directions to obey orders received from Rickman, and that he was injured while adjusting the belt pursuant to Rickman's order, and if this be true a case of liability under the statute was made.

No error appearing the judgment is affirmed.