COX CASH STORES, INC., v. ALLEN.

Opinion delivered February 9, 1925.

1. INFANTS—CONSTRUCTION OF CHILD LABOR ACTS.—Child Labor Acts should be given such broad and liberal meaning as can be read therefrom so as to mitigate the evils or prevent the mischiefs they were intended to obviate.

2. MASTER AND SERVANT—PROHIBITED EMPLOYMENT OF CHILD.—Employment of a child in violation of the statutes renders the employer guilty of negligence *per se*, and liable in damages if the child is injured as a result of such employment.

3. MASTER AND SERVANT—FAILURE TO OBTAIN EMPLOYMENT CERTIFICATE.—In an action for injuries sustained by a minor in an occupation not prohibited by Crawford & Moses' Digest., § 7087, failure of the employer to obtain an employment certificate as required by § 7092, *Id.*, was evidence of negligence to be considered with other testimony.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

### STATEMENT OF FACTS.

Horace Allen, a minor, by his mother and next friend, Mrs. C. M. Allen, brought this suit against Cox Cash Stores, Inc., to recover damages alleged to have been sustained from personal injuries received while employed at one of the stores of the defendant.

The trial of the case was commenced in the circuit court on the 29th day of September, 1923. According to the evidence for the plaintiff, he was then sixteen years of age. During the month of August, 1921, Horace Allen was employed as a delivery boy at one of the defendant's stores in the city of Little Rock, Arkansas, and it was his duty to make deliveries of groceries to customers. He was required to deliver groceries in boxes, and carried them on his shoulder as far as sixteen blocks. The boxes varied in weight, the heaviest being 65 or 75 pounds. On the 28th day of August, 1921, one of the clerks in the store filled a box about three or four feet long with groceries, consisting of sugar, salt meat and canned goods. When he had placed the box on his shoulder, preparatory to delivering the groceries, Mr. Noack, the manager of the store, took a twenty-four pound sack of flour, and swung it up and let it fall on top of the groceries on his shoulder. When the sack of flour fell on the box of groceries, Horace Allen felt like one does when he hits his funny bone, and his whole arm seemed dead. One of the clerks then took the sack of flour off of the box, and helped the boy carry the groceries out on the front porch of the store. His arm pained him from then on until the next Saturday, when he quit work. He was kept in bed until the 23d of September following, when he was sent to a hospital. Four operations were performed upon him, and he has suffered constant pain ever since the day of his injury. His shoulder pained him at the time of the trial, at night and in damp weather. He was fifteen years of age on the 30th of

September following the date of his injury. An x-ray was made of the shoulder of Horace Allen, and two physicians and surgeons who examined him testified that the swollen condition of his shoulder and the abscess on it were probably caused by the injury which he detailed as having been received when the sack of flour was dropped on the box of groceries on his shoulder.

One of these physicians was the one who operated on Horace Allen. They stated in detail their reasons for believing that the abscess which formed on his shoulder was caused by the fracture of a bone.

On the other hand, physicians and surgeons were introduced by the defendant, who testified that the abscess could not have been formed in that way, but that it must have been the result of some disease which Horace Allen had. They told of the various diseases which might cause such an infection.

B. F. Noack, the manager of the store at which Horace Allen worked when he was injured, was also a witness for the defendant. According to his testimony, Horace Allen had a small wagon and a bicyle which he used in making deliveries. He denied giving him packages to deliver that were too heavy for him to carry. He denied throwing or placing a sack of flour in a box of groceries on Horace Allen's shoulder, as testified to by him. He said that nothing like that ever occurred.

Other evidence in the record showed that the employment certificate required by our statute for minors under sixteen years of age had not been procured and kept on file by the defendant. It was shown by the defendant that the plaintiff represented himself to be sixteen years of age at the time he was employed.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Coleman, Robinson & House,* for appellant.

The appellant concedes that the decisions of the court in the *Nalley* case, 146 Ark. 448, and the *Qualls*

case, 146 Ark. 475, are correct, but here the particular violation of the statute complained of did not constitute negligence *per se*, and the court erred in so instructing the jury. The employment in this case was not in an occupation forbidden by the statute for minors of appellee's age. The only statutory violation was the failure to procure the employment certificate, and this, whether negligence *per se* or not, had no causal connection with the injury sustained, and could not have been the proximate cause thereof. 146 Ark. 448; 4 Ga. App. 159, 60 S. E. 1068; 184 Fed. 868; 106 N. Y. 443; 135 N. Y. Sup. 1036.

*Isgrig & Dillon* and *W. R. Donham*, for appellee.

Employment without the certificate is made unlawful by the statute, and therefore constitutes negligence *per se*. C. & M. Dig. § 7092; 146 Ark. 475; 146 Ark. 448; 197 S. W. 866; 137 Ill. App. 588; 200 Fed. 933; 156 N. W. 971; 189 N. W. 186; 196 Fed. 340; 138 N. Y. S. 642; 96 So. 319; 5 Labatt, Master & Servant, § 1909; 20 R. C. L. 38.

HART, J., (after stating the facts). The main reliance of the defendant for a reversal of the judgment is that the court erred in telling the jury as a matter of law that the defendant was guilty of negligence because Horace Allen was not sixteen years of age at the time he received his injury, and that the employment certificate required by the statute had not been obtained and filed by the defendant.

On the other hand, counsel for the plaintiff contend that the defendant was guilty of negligence as a matter of law under the rule laid down in *Terry Dairy Co.* v. *Nalley*, 146 Ark. 448, and *Fort Smith Rim & Bow Co.* v. *Qualls*, 146 Ark. 475.

Child labor laws are the result of an enlightened public policy as declared by the lawmaking branches of the various States. In construing statutes of this sort, which are referable to the police power, and which are enacted to promote the common welfare, not only by fostering education and preventing immorality in young

children, but preventing the injury and maiming of them
in hazardous occupations, regard should be had to the
end to be accomplished. To carry out the beneficent
purposes of the Legislature, child labor acts should be
given such broad and liberal meaning as can be read
therefrom as to mitigate the evils or prevent the mis-
chiefs which they are intended to obviate. In pursuance
of its plan in the matter, the Legislature provided that
no child under the age of fourteen shall be employed in
any remunerative occupation, except that, during school
vacation, they may be employed by their parents or
guardians in occupations owned by them. Crawford &
Moses' Digest, § 7086. Thus it will be seen that the
Legislature peremptorily prohibited the employment of
children for hire under fourteen years of age, except
by their parents or guardians during the school
vacation.

In *Terry Dairy Co.* v. *Nalley,* 146 Ark. 448, we held
that, if a child under the prohibited age should be
employed and should be injured as the result of such
employment, the person employing him would be guilty
of negligence *per se,* and liable in damages. The rule
is founded upon the principle that, when the Legislature
definitely establishes an age limit under which children
should not be employed, its intention was to declare that
a child so employed did not have the discretion or judg-
ment necessary to engage in work for hire, and that the
hiring of him would tend to prevent him from going to
school, and might subject the child to immoral influences
or might retard his mental and bodily growth. In such
cases the better reasoning is that the doing of the act
prohibited is negligence as a matter of law. Hence we
have adopted the view that the unlawful employment
in such cases is negligence *per se.*

Section 7087 of Crawford & Moses' Digest provides
that no child under sixteen years of age shall be
employed or permitted to work in certain designated
occupations, which were thought to be dangerous to the

life or limbs of children under that age, no matter what their physical or mental development might be.

Therefore in *Fort Smith Rim & Bow Co.* v. *Qualls,* 146 Ark. 475, we again held that the employment in the proscribed occupations of children under the age of sixteen, being absolutely prohibited, if such child should be injured while working at one of the prohibited occupations, his employer should be deemed guilty of negligence as a matter of law.

In both of these cases the employment was absolutely prohibited, and could not legally be done under any circumstances. Therefore we thought that the purposes of the statute would be best carried out by declaring that the employer in such cases should be deemed guilty of negligence as a matter of law, where the child within the prohibited age was injured while in his employment, in violation of the mandatory provisions of the statute. On account of the absolute prohibition against their employment, in neither of these cases could the defendant invoke the doctrine of contributory negligence or assumption of risk, and in such cases it is in accord with the better reasoning to hold that the employer is guilty of negligence as a matter of law where the employment could not by any manner be made lawful and the injury results from doing some act while engaged in the illegal employment.

Section 7092 of Crawford & Moses' Digest provides that no person shall employ any child under sixteen to work in any establishment or occupation unless such person employing such child procures and keeps on file an employment certificate as provided in the statute.

The evidence shows that Horace Allen was between the ages of fourteen and sixteen years at the time he was injured, and that his employment as a delivery boy for a grocery store was not one of the occupations from which he was absolutely prohibited in working. The record also shows that his employer did not have the employment certificate required by § 7092 of the Digest.

The requirement of the employment certificate served several purposes. For example: it might be that a child between fourteen and sixteen years of age was not far enough advanced in school to warrant the superintendent in giving a certificate to allow him to work. Again, his mental or physical development might be such that it would be imprudent to allow him to work. Then, too, his morals might be such that it would be better to keep him in school and not to allow him in an occupation where he could run around the streets.

In the case before us, the occupation at which the minor was engaged when he was injured was not forbidden. It cannot be said that the failure to observe the statutory requirements as to the employment certificate as a matter of law brought about the accident complained of. The accident would have been as likely to occur had the employment certificate been obtained as it did without obtaining it. Therefore the disregard of the statute is not conclusive evidence of negligence or negligence *per se;* but it is evidence for the consideration of the jury. In other words, the court should not have told the jury that the defendant was guilty of negligence as a matter of law under the circumstances of the case, but should have told the jury that the failure to obtain the employment certificate as required by law was evidence of negligence to be considered by the jury, along with the other testimony in the case, to determine whether or not the defendant was guilty of negligence in the premises.

The authorities on both sides of the question are found cited in a case note to 48 L. R. A. (N. S.) 664, and to 14 A. L. R. 825. The present action is one under the common law for negligence. Workmen's compensation acts have no bearing on the present case. They usually provide some form of insurance, and are specific and definite as to the manner of procedure. In some of them illegal employment cannot be made the basis of a suit under the act. In other States the rule is dif-

ferent, and, although the employment may be illegal, yet the employee may proceed under the act. In some of the acts the parties submit to arbitration before an industrial commission, and, as above stated, in all of them the statutory mode of procedure must be followed, and the general rules of law applicable to common-law negligence do not control.

Some of the cases cited by counsel for appellee are cases where the employer sued a liability insurance company after the minor had obtained judgment against him. These cases do not apply. It has been well said that it is the common expression of insurance law that the policy is the measure of the rights of everybody under it. Therefore where the minor has obtained judgment against his employer, no matter what the rule of evidence as to negligence might be in the action, this would not control in a suit by the employer against the insurance company. The terms of the policy would be the measure of liability, no matter whether the court had held that, in a suit by a minor against the employer, the latter was guilty of negligence as a matter of law when he did not obtain the employment certificate, or whether the court should instruct the jury that such failure was evidence of negligence merely.

Other assignments of error are urged upon us for a reversal of the judgment, but the views we have expressed renders it unnecessary to decide them.

For the error in instructing the jury that the defendant was guilty of negligence as a matter of law the judgment must be reversed, and the cause will be remanded for a new trial.