EMIL SLAVINSKY *vs.* NATIONAL BOTTLING TORAH COMPANY.

LOUISE SLAVINSKY *vs.* SAME.

Middlesex. May 16, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies. *Minor. Negligence,* Employer's liability: to parent of injured employee, fellow servant. *Parent and Child.*

At the trial of an action of tort for personal injuries, brought by a minor against a corporation insured under the workmen's compensation act, it appeared that the plaintiff had given no notice reserving his common law rights, and he testified in substance that for over a year before his injury he had worked at intervals for the defendant for varying periods and varying compensation; that on the day of his injury he was asked by the defendant's president to help a driver of its truck and, while doing so, was injured through negligence of the driver. In answer to an interrogatory, "What was your employment or occupation at the time of the alleged accident?" the plaintiff answered, "I was working as helper on defendant's truck and in factory washing bottles, and other work on part time." *Held,* that the plaintiff was an employee of the defendant under the provisions of G. L. c. 152, § 1 (4), and as such was precluded from maintaining the action at law.

The fact, that the injury received by the minor in the circumstances above described was caused by negligence of a fellow servant, precluded his parent from maintaining an action at common law against the employer for expenses paid and for loss of the minor's services.

TWO ACTIONS OF TORT, with declarations described in the opinion. Writs dated, respectively, September 21 and October 26, 1925.

In the Superior Court, the actions were tried together

before *Morton, J.* One of several interrogatories to the plaintiff in the first action, and his answer thereto, was as follows: "What was your employment or occupation at the time of the alleged accident?" "I was working as helper on defendant's truck and in factory washing bottles, and other work on part time." Material evidence is stated in the opinion. There were verdicts for the plaintiffs, respectively, for $7,500 and $1,000. The defendant alleged exceptions.

*S. R. Wrightington,* for the defendant.

*M. Palais, (W. R. Scharton,* with him,) for the plaintiffs.

CARROLL, J. These two actions of tort were tried together. The first case, No. 6301, is an action brought by Emil Slavinsky, a minor, who was injured on July 8, 1925, by the negligence of a servant of the defendant. He recovered a verdict. The defendant was insured under the workmen's compensation act. The plaintiff gave no notice reserving his common law rights. The second case, No. 6302, is an action by the mother of the minor for expenses in his care and treatment. A verdict in her favor was returned.

The plaintiff in the first case testified that "he began to go to the defendant's place of business about the spring of 1924 . . . and helped them around at the request of Mr. Starshis and Mr. Rayman; that he did not work there every day but worked there a couple hours and sometimes when empty bottles used to come in a freight car he used to help unload them and pack the bottles . . . that he received fifteen cents or twenty-five cents . . . sometimes he would get seventy-five cents and once he got $2.50 . . . that there were times when they sent for him to come to the factory . . . that on the day of the accident Arthur Johanson, a chauffeur of the defendant, stopped the defendant's truck on the street and spoke to the plaintiff and that as a result of what he told him the plaintiff got on the truck and rode to the defendant's factory." He further testified that on arriving at the factory Rayman, the defendant's president, told him to "help Johanson out"; that he helped to load one of the trucks; that he went with the loaded truck to Kendall Square, where he helped to unload it and then returned to the

factory, where Rayman "told him to go to Waltham with Arthur Johanson and help him get some empty cases." The plaintiff also testified that he was seated in the truck going toward Waltham when Johanson turned sharply to the right, and at this time the plaintiff was injured. There was evidence that the truck collided with a post. In answer to interrogatories Emil admitted he was in the employ of the defendant when injured. His answer to the question as to his employment when injured was "I was working as a helper on the defendant's truck."

The plaintiff's own testimony, by which he is bound, shows that he was in the defendant's employment when injured; his exclusive remedy therefore was under the workmen's compensation act. An employee, so far as material here, as defined in the statute includes "every person in the service of another under any contract of hire, express or implied." G. L. c. 152, § 1 (4). The exception of casual employees was struck out of the statute by St. 1914, c. 708, § 13. See *Cheevers's Case,* 219 Mass. 244; *King's Case,* 220 Mass. 290. The workmen's compensation act "is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design." *Young* v. *Duncan,* 218 Mass. 346, 349. The policy of the statute is of general application, and was intended to include all who are therein described as employees.

The plaintiff had been in the employ of the defendant and had received compensation for his labor. His acceptance of the defendant's request to assist in the business on the day of the accident justified the inference that he expected to be paid for his services and that the defendant expected to compensate him. *Cameron* v. *State Theatre Co.* 256 Mass. 466. We are unable to find any evidence sufficient to overthrow the plaintiff's own testimony showing that he was an employee of the defendant when injured, and therefore protected by the workmen's compensation act. We have not considered it necessary to discuss the question of the plaintiff's right to recover if he were not an employee. It followed that in this case the defendant's motion for a directed verdict should have been allowed.

In the case of Louise Slavinsky, the workmen's compensation act does not bar her from recovery at common law if she suffered damage by reason of the expenses paid and by the loss of her son's services through the fault of the defendant. *King* v. *Viscoloid Co.* 219 Mass. 420.   As to the right of the mother to recover for her personal loss, see *Tornroos* v. *R. H. White Co.* 220 Mass. 336, 342; and see also in this connection, *Charron* v. *Day*, 228 Mass. 305; *Sherry* v. *Littlefield*, 232 Mass. 220.

But the mother in her action does not rely on the workmen's compensation act, or upon the remedy given to an employee whose employer does not insure him under the act. Her action is at common law; and as her son was an employee of the defendant and engaged in its service when injured, she cannot recover in this action for her loss resulting from the negligence of a fellow servant of her son.   The sole contention of the plaintiff was that the injury happened by reason of the negligence or gross negligence of the driver of the truck.   This was the only negligence relied on, and there can be no recovery by the mother.

In each case the defendant's exceptions are sustained, and judgment is to be entered for the defendant.

*So ordered.*