## LUCAS v. INDUSTRIAL COMMISSION et al.

No. 6763. Decided February 20, 1945. (156 P. 2d 896.)

See 71 C. J., Workmen's Compensation, Sec. 1500. 28 R. C. L. 766.

*Arthur E. Moreton* and *E. R. Christensen,* both of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Zar E. Hayes,* Asst. Atty. Gen., and *Fabian Clendenin, Moffat & Mabey* and *F. A. Trottier,* all of Salt Lake City, for defendants.

LARSON, Chief Justice.

Certiorari to the Industrial Commission. By this proceeding we are asked to determine the question: Can the parents of an illegally employed minor who was killed in the course of employment, maintain an action at law against the employer for damages?

All references to Section numbers refer to Utah Code Annotated 1943. On July 14, 1943, Jack Lucas a minor seventeen years of age while working for the employer, United States Vanadium Corporation, as a truck driver, and while operating an electrical mechanical loader, was electrocuted. The minor had not received an employment certificate as provided in Section 14-6-8, for this work, and the employer did not have on file an employment certificate as required by Section 14-6-5. The father of Jack Lucas brought suit in the Federal Court for damages for the death of the minor. The employer demurred claiming sole jurisdiction lay in the Industrial Commission. Ruling on such a demurrer is pending determination of this action. Upon suggestion of the Federal Court the employer filed with the Industrial Commission of Utah a petition for determination of liability under the Workmen's Compensation Act. Plaintiff challenged the jurisdiction of the commission on the ground that the minor being illegally employed was not an employee within the meaning of the Compensation Act. The commission held that a minor illegally employed was an employee within the Act; determined that the minor's family was partially dependent upon him, and awarded compensation for forty per cent dependency. It held that the double compensation provisions of 14-6-27, for injuries to a minor illegally employed, were personal to the minor, and did not apply to a claim based on dependency in case of death. Plaintiff brings the matter here contending:

(1) That the exclusive remedy provisions of Sec. 42-1-57 do not apply in the case of a minor illegally employed. We answered this affirmatively in *Ortega v. Salt Lake Wet Wash Laundry*, 108 Utah 1, 156 P. 2d 885.

(2) That an action by parents for death of a minor child is independent of the purposes and provisions of the Compensation Act and not affected thereby. Any discussion of this point, extended beyond that of a minor illegedly employed would be wholly obiter dicta. We confine ourselves to the situation presented by facts herein. Since the minor here was in an employment status or relationship which the statute declares illegal, it was not a status or relationship which is subject to the provisions of the Compensation Act. *Ortega* v. *Wet Wash Laundry,* supra. Not being within the provisions of that Act, it follows that such act did not take away, change, or abrogate the right of the parents to maintain an action at law for the death of such child, subject to all defenses and rules otherwise governing suit for wrongful death. Section 104-3-10. See also *Slavinsky* v. *National Bottling Torah Co.,* 267 Mass. 319, 166 N. E. 821; 71 C. J. 1486; *Wolff* v. *Fulton Bag & Cotton Mills,* 185 App. Div. 436, 173 N. Y. S. 75; Annotation, 60 A. L. R. 848; *King* v. *Viscoloid Co.,* 219 Mass. 410, 106 N. E. 988, 7 N. C. C. A. 254, with note, Ann. Cas. 1916D, 1170; In *re Cripp,* 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B, 828; *King* v. *Darlington Brick & Mining Co.,* 284 Pa. 277, 131, A. 241; *Allen* v. *Trester,* 112 Neb. 515, 199 N. W. 841; see also Annotations: 14 A. L. R. 826, 33 A. L. R. 341.

(3) That if the Industrial Commission had jurisdiction in the matter it was required as a matter of law to award double compensation. The answers made to points (1) and (2) render discussion of Point (3) unnecessary to a disposition of this proceeding. But since the point has been briefed and argued by all parties, and may arise again, we state that the right to claim compensation under the Act, including the double compensation provision of Sec. 14-6-27 is personal to the minor illegally employed. Claims by survivors arising from the death of such minor are not within the provisions of the Compensation Act, and the remedy is by civil action.

The Industrial Commission was without jurisdiction in this matter. The award is annulled. Plaintiff to recover costs against the employer.

McDONOUGH, TURNER, and WADE, JJ., concur.

WOLFE, Justice.

I concur, but I do not see why the last point decided respecting the right of parents to resort to compensation under Sec. 14-6-27 for the death of their child while in industry is not also "wholly obiter dicta." If it is to be decided in this case I agree with the conclusion reached by the writer of the prevailing opinion in that regard.