4-8239                                    203 S. W. 2d 187

Opinion delivered June 16, 1947.

*Curtis L. Ridgway* and *J. R. Long,* for appellant.

*Wootton, Land & Matthews,* for appellee.

Ed. F. McFaddin, Justice. The question is, whether the Arkansas Workmen's Compensation Law affords the exclusive remedy allowed a minor employee against the employer for compensation for injuries sustained by the minor in the course of employment, when the minor was employed in violation of the Arkansas Child Labor Law. We answer the question in the affirmative.

On October 15, 1946, the appellant, Gloria L. Cummings (a minor, acting by her father and next friend, Howard Cummings), filed this action in the circuit court against appellee, J. J. Newberry Co. The complaint alleged that appellee operated a store in Hot Springs; that Gloria L. Cummings was a minor, and under the age of 16 years; that on August 14, 1946, the minor was employed by appellee in a dangerous and prohibited

occupation, and without the consent of the parents of the minor, and without anyone having obtained an employment certificate as required by Arkansas Child Labor Law (see § 9067, *et seq.*, Pope's Digest) ; that the employer required the minor to empty boiling hot grease from a container into a doughnut cooking machine; that on August 17, 1946, the. hot grease spilled from the container upon the legs and thighs of the minor, inflicting third degree burns; that the minor suffered serious, painful and permanent injuries, and also mental anguish, all brought about through the negligence and unlawful conduct of the employer (appellee). The prayer of the complaint was for $3,000 damages.

Appellee filed a pleading entitled ''Motion to dismiss,'' which was in reality a demurrer, and which stated: ''That the circuit court has no jurisdiction to hear and determine the cause of action set forth in the plaintiff's complaint for the reason that the Constitution of the State of Arkansas and Act 319 of 1939 entitled 'Workmen's Compensation Law,' has vested in the Arkansas Workmen's Compensation Commission sole jurisdiction to hear and determine the matters and facts set forth in the plaintiff's complaint and being founded upon an injury alleged to have been sustained in the course of employment while the relationship of employer and employee existed between the plaintiff and the defendant. . . . ''

The circuit court sustained appellee's pleading, and the appellant stood on the complaint. A judgment was entered, dismissing the complaint, and appellant has appealed, challenging here the correctness of the said judgment; and citing us to the following statutes, adjudicated cases and texts: section 9067, *et seq.*, Pope's Digest, being the Arkansas Child Labor Law; *Cox Cash Stores* v. *Allen,* 167 Ark. 364, 268 S. W. 361; Annotation entitled ''Applicability and effect of workmen's compensation act in cases of injury to minor'' found in 14 A. L. R. 818, 33 A. L. R. 337, 49 A. L. R. 1435, 60 A. L. R. 847, 83 A. L. R. 416, and 142 A. L. R. 1080; *Green* v. *Anwyll,* 86 Pitts-

burgh Law Journal (Pa.) 543; *Cox* v. *Hooven,* 250 Ky. 690, 63 S. W. 2d 914; *Lee* v. *Kansas City Publishing Co.,* 137 Kan. 759, 22 Pac. 2d 942; *Ortega* v. *Salt Lake Wet Wash Laundry Co.,* 108 Utah 1, 156 Pac. 2d 885; and *Lucas* v. *Industrial Commission of Utah,* 108 Utah 25, 156 Pac. 2d 896.

Appellant says in her brief: "To hold that a minor is limited to the remedy as now provided by workmen's compensation law, would place the minor on the same footing as an adult and virtually render ineffective our Child Labor Law. In this case the employer failed to obtain the employment certificate as required by § 9074 of Pope's Digest, and had the appellant working in a dangerous occupation; . . . On account of the failure of the employer to comply with the law, there was no valid contract with said minor. We submit that the provision of § 2(b) of the Workmen's Compensation Law—making the act cover minor employees, whether lawfully or unlawfully employed—is for the benefit of the worker and not the employer; in other words, a minor employee, as in this case, should be permitted to pursue either the remedy provided under the Workmen's Compensation Law or to pursue her remedy at law as appellant has elected to do."

The case of *Odom* v. *Arkansas Pipe & Scrap Material Co.,* 208 Ark. 678, 187 S. W. 2d 320, is a holding directly opposite to the appellant's argument. In the Odom case, the mother of the deceased minor filed suit at law to recover damages for the death of her son. The complaint alleged that the son was under 18 years of age at the time of his death, and had been employed by the appellee without the mother's consent, and that—while working for appellee at an oil well—received fatal injuries through the negligence of the appellee. By demurrer to the complaint, the Arkansas Pipe & Scrap Material Co. challenged the jurisdiction of the court on the ground that the Arkansas Workmen's Compensation Commission, by paragraph 2(b) and paragraph 4 of Act 319 of 1939, had sole jurisdiction. The circuit court dismissed

the complaint of Mrs. Odom. We affirmed the judgment of the circuit court, saying:

"The lower court properly dismissed appellant's complaint. Under the provisions of the Workmen's Compensation Law the liability therein created is the only liability against the employer that may arise out of the death or injury of an employee subject to the act. We quote below the pertinent provisions of the Workmen's Compensation Law: ·  ·

"Subdivision (b) of § 2: ' "Employee" means any person, including a minor whether lawfully or unlawfully employed, in the service of an employer. . . . '

"Section 4: 'The rights and remedies herein granted to an employee subject to the provisions of this act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on · account of such injury or death, . . . ' "

The case of *Odom* v. *Arkansas Pipe & Scrap Material Co., supra,* was cited as a precedent, and as ruling in *Hagger* v. *Wortz Biscuit Co.,* 210 Ark. 318, 196 S. W. 2d 1. In short, this court has already decided, adversely to the appellant, the question now presented.

We comment, briefly, on the cases cited by the appellant, and as previously listed:

(a) *Cox Cash Stores* v. *Allen, supra,* was decided in 1929. The Arkansas Workmen's Compensation Law (Act 319 of 1939) was passed by the General Assembly of 1939, and sustained by referendum vote of the people at the 1940 election. The effect of this new law was to change radically the old law—regarding the employee's right to recover from the employer—in all cases coming within the purview of the compensation law; so the language in *Cox* v. *Allen, supra,* is not applicable to the case at bar, particularly in light of § 2(b) of the present com-

pensation law, which specifically states that an "employee" includes a minor, whether lawfully or unlawfully employed.

(b) The cases from Kansas, Kentucky, Pennsylvania and Utah cited by appellant, and previously listed, are, each, based on a statute substantially different from our statute, since, as already noted, under our statute "employee" includes a minor, whether lawfully or unlawfully employed.

Those interested in studying the statutes of the various states, as regards workmen's compensation law coverage of minors unlawfully employed, may well examine Schneider's Workmen's Compensation Text, (Permanent Ed.), vol. 4, pp. 290-376, inclusive, where the statute of each state is analyzed as regards the particular question here under consideration. A clear summation of the holdings may be found in 71 C. J. 503, *Workmen's Compensation Acts,* § 229: "*Acts with express provisions as to illegality of employment*:

"Under a statute which expressly so provides, a minor is included within the Workmen's Compensation Act, even though he is employed contrary to laws regulating the employment of minors. Such a statute does not conflict with the child labor laws, for the compensation act deals with civil rights and remedies while the labor law deals only with the criminal penalty."

It follows that the minor employee in this case cannot proceed in an action at law for damages, but is relegated to the remedies afforded by the Arkansas Workmen's Compensation Law. The judgment of the circuit court is in all things affirmed.