## HENRIE v. ROCKY MOUNTAIN PACKING CORPORATION.

No. 7052.   Decided February 8, 1949.   (202 P. 2d 727.)

For former opinion see 113 Utah 415, 196 P. 2d 487.

*Ray, Quinney & Nebeker,* of Salt Lake City, for appellant.

*Dilworth Woolley,* of Manti, for respondent.

WOLFE, Justice.

Plaintiff petitions for a rehearing, relying chiefly on the ground that this court usurped the function of the jury in holding as a matter of law that defendant's canning plant was not a place of employment dangerous to the life, health, safety, or welfare of minors.

Plaintiff argues at some length that the findings of the jury are conclusive on all questions of fact, that a jury verdict may not be overturned if supported by evidence, that in this case, the jury made a special finding that defendant's plant was dangerous to the life, health, and safety of young Henrie, and therefore this court is bound by that finding. It may be admitted that the general proposition argued is a correct principle of law and that where there is evidence to support the jury's verdict it will not be overturned by a reviewing court. That, however, is beside the point here involved.

The petitioner fails to see that this case involves a jurisdictional question of law. If Henrie was legally employed, the Industrial Commission had sole jurisdiction. If he were illegally employed, the trial court had sole jurisdiction. *Lucas* v. *Industrial Commission,* 108 Utah 25, 27, 156 P. 2d 896, construing the statute as it existed prior to 1945. And whether he was legally or illegally employed depends upon whether his place of employment was dangerous or prejudicial to life, health, safety, or welfare. What is a place of employment "dangerous or prejudicial to the life, health, safety or welfare" of a minor depends on what the legislature meant by that language, and the intent of the legislature is a question of law for the court, and not one of fact for the jury.

Petitioner complains that the decision of this court was based on a principle never raised in the trial court, and not

argued in the briefs of either party. Contrary to petitioner's assertion, the question of the jurisdiction of the court was raised at every turn in the court below, by ■ motion to dismiss the complaint, motion for directed verdict, and request for plenary instruction. However, even if it had not been raised by either party in the court below or here, it is a matter of which we may take cognizance sua sponte.

On re-examination of our opinion and further consideration of Section 14-6-3, U. C. A. 1943, we are of the opinion that we may have construed that section too broadly.

That section reads as follows:

"No minor under eighteen years of age shall be employed, permitted, or suffered to work in any place of employment, dangerous or prejudicial to the life, health, safety or welfare of such minor. It shall be the duty of the Industrial commission of Utah and the said commission shall have power, jurisdiction, and authority, after hearings duly held, to issue general or special orders, which shall have the force of law, prohibiting the employment of such minors in any place of employment dangerous or prejudicial to the life, health, safety, or welfare of such minors."

In construing this section, we said in our opinion [113 Utah ..., 196 P. 2d 487, 489]:

"* * * But the prohibition of the statute is not limited to those places of employment condemned by order of the Industrial Commission; it extends to all places of employment which are dangerous or prejudicial to the life, health, safety or welfare of minors, regardless of whether or not the Industrial Commission shall have prohibited the employment of minors in such places."

In using this language we may have construed too broadly Sec. 14-6-3. By terms of Sec. 14-6-13, violations of any provision of Title 14, Chapter 6 is made a criminal offense. That section reads as follows:

"Whoever employs or permits or suffers any minor to be employed or to work in violation of this chapter, or of any order or ruling issued under the provisions of this chapter, or obstructs the said commission in its enforcement of this chapter, its officers, or agents, or any other person authorized to inspect places of employment un-

der this chapter, and whoever, having under his control or custody any minor, permits or suffers him to be employed or to work in violation of this chapter, is guilty of a misdemeanor. * * *"

It is a principle too familiar to require citation of authority, that penal statutes, to be constitutional, must be clear and definite in their terms so that there may be known exactly what conduct is prescribed.

As pointed out in our opinion, the word "dangerous" is comparative. It does not set a foot rule standard. It is an accordion word. It is difficult to see how an employer would know as to those industries generally not considered inherently dangerous whether he were guilty of a criminal offense by engaging the services of a minor in his place of business, unless he were prohibited from employing minors, by general or special order of the Industrial Commission, issued pursuant to Section 14-6-3. There are many industries not generally considered or recognized as dangerous, but which might be so considered by the Industrial Commission. An employer should not be subject to criminal sanctions for employing a minor in his place of business, where reasonable minds might differ as to whether such place of business were dangerous within the meaning of the act. On the other hand, there are certain industries and types of work which might be said to be universally considered as dangerous to life, health, and safety. Among these are mining, quarrying, railroading, and manufacturing of explosives and deleterious chemicals. In such industries as these, no order of the commission would be necessary to render unlawful the employment therein of minors.

Of course, any place of employment, not intrinsically or inherently dangerous, might become, in a sense, temporarily dangerous, as a result of negligence on the part of the employer or one of his servants. But that is not the sort of place in which the legislature intended to prohibit the employment of minors. If such were the case, the status of any minor employee would be con-

tinuously shifting from legal to illegal. Such a rule would make the act practically impossible of administration.

It is not necessary here to determine conclusively whether our construction of Sec. 14-6-3 was too broad. We offer this further explanation merely as a caveat to the bench and bar. If we erred we erred in petitioner's favor, and not against him.

Petition denied.

PRATT, C. J., and LATIMER and McDONOUGH, JJ., concur in denying the petition for rehearing.

WADE, Justice.

I dissent: Commenting on petitioner's contention "that a jury verdict may not be overturned if supported by evidence," the prevailing opinion says:

"The petitioner fails to see that this case involves a jurisdictional question of law."

It implies that that would make a difference, but fails to point out what the difference would be. I can conceive of only two possibilities: 1. That where a jurisdictional question is involved, what would otherwise be a question of fact is transformed into a question of law. 2. That in such case, this court may review questions of fact where it otherwise may not. The prevailing opinion does not expressly claim that the existence of a jurisdictional question has either of the above results, or any other result which could make it material in this case but says "the intent of the legislature is a question of law for the court, and not one of fact for the jury." I have no quarrel with that statement. It is a truism which no one would question, but I contend that it is true regardless of whether or not a jurisdictional question is involved.

Here there is no dispute as to the intention of the legislature. The original prevailing and dissenting opinions and the appellant all agree on that question. The disagreement

is on pure questions of fact, such as, what was said and done prior to and at the time of the accident and the conditions existing in the factory during that time. Many of the questions of fact decided by the original prevailing opinion are not only not questions of law but are not even ultimate facts but merely evidentiary facts from which the ultimate facts are in that opinion inferred. Such questions I submit are always questions of fact whether or not a jurisdictional question is involved and that no amount of reasoning can make them otherwise. I further submit that the jury's determination of such questions of fact where supported by the evidence is conclusive thereon even in cases where a jurisdictional question is involved. This is an action at law not a case in equity; in such actions our constitution authorizes an appeal to this court only on questions of law. No exception is made to this rule in cases where a jurisdictional question is involved. A different rule applies sometimes where the court is reviewing the decision of a board or commission which has very limited jurisdiction, but that rule I submit has no application in an appeal from a court of general original jurisdiction.

I do not agree that here any jurisdictional question is involved. This is an appeal from the district court, a court of general original jurisdiction, not one of limited jurisdiction like some courts, boards and commissions. It is true that the district court does not have jurisdiction to hear or determine compensation cases, and unless the employment was illegal it would be error to award damages in this case but that does not mean that such court does not have jurisdiction to determine such a case.

I also think the last part of the prevailing opinion is an example of very strained reasoning. I think it obvious that the rule there relied upon was never intended for this kind of a case.