**Rudy GONZALES, Plaintiff and Appellant,**

v.

**L. W. MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

No. 16398.

Supreme Court of Utah.

April 10, 1980.

Robert J. Schumacher of Utah County Legal Defenders Ass'n, Provo, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

---

STEWART, Justice:

This appeal is from a dismissal by the district court of plaintiff's petition for a writ of habeas corpus. We affirm.

Plaintiff pleaded guilty to a charge of second-degree burglary in violation of § 76–9–3, Utah Code Ann. (1953). He was sentenced to a term of one to twenty years in the Utah State Prison pursuant to § 76–9–4. In January 1979 plaintiff petitioned the district court for a writ of habeas corpus. He argued that he was illegally restrained because the Legislature, in amending the burglary provisions of the Utah Code in 1969, repealed the penalty provisions by implication and that therefore the trial court lacked authority to sentence him to prison.

The defendant moved to dismiss plaintiff's petition on the ground that it failed to state a claim upon which relief could be granted. The motion was granted, and the matter was dismissed with prejudice. Plaintiff contends on appeal that his petition alleged facts constituting a valid claim for relief. He also correctly points out that habeas corpus is a proper remedy when the issue raised concerns the jurisdiction of the trial court to impose the sentence prescribed. *Rammell v. Smith*, Utah, 560 P.2d 1108 at 1109 (1977).

If the sufficiency of the allegations depends at all on the facts alleged, plaintiff is entitled to have the facts alleged viewed in the light most favorable to him. *Davis v. Payne and Day, Inc.*, 10 Utah 2d 53, 348 P.2d 337 (1960). Plaintiff argues that it is a factual question whether the Legislature intended to repeal § 76–9–4 and that an evidentiary hearing on the merits of his petition is necessary to resolve the issue raised.

The plaintiff, however, is in error. The question is solely one of law. It is well settled that questions of legislative intent and statutory application are matters of law, not of fact. *Henrie v. Rocky Mountain Packing Corp.*, 113 Utah 444, 202 P.2d 727 (1949); *City of St. Petersburg v. Austin*, Fla.App., 355 So.2d 486 (1978). Because no factual issues requiring an evidentiary hearing are raised by the pleading, the court properly resolved the issue as a matter of law. *Andrews v. Morris*, Utah, 607 P.2d 816 (1980).

As to the legal issue, plaintiff contends that the penalty clause for second-degree burglary was impliedly repealed when that offense was redefined. It is unmistakable that the Legislature did not intend to repeal the penalty provisions for burglary when it redefined the degrees of burglary. House Bill No. 110 of the 1969 Legislature (1969 Laws of Utah, Chapter 236) explicitly provided that §§ 76–9–1 and 76–9–3, U.C.A. Annot. (1953), were to be amended and §§ 76–9–5, 76–9–6, and 76–9–7 were to be repealed. Third-degree burglary was eliminated, and second-degree burglary was redefined so as not to distinguish between nighttime or daytime burglaries. The original penalty for second-degree burglary was not changed. Because the Legislature expressly stated which sections were repealed and which were amended, it would be improper to conclude that the Legislature intended to repeal the penalty section by implication. The Legislature intended that the sections not repealed were to have effect and that the provision establishing the penalty for second-degree burglary under the repealed definition of that term would remain in effect for second-degree burglary as redefined. Plaintiff's sentence was not based on a void or invalid provision of the law.

Plaintiff also contends that a motion to dismiss a petition for post-conviction relief is not allowed under the provisions of Rule 65B(i), Utah Rules of Civil Procedure. The rule was intended to facilitate prompt resolution of habeas corpus petitions. Not only would it be counterproductive to prevent a court from ruling on a claim as a matter of law when appropriate, but in addition the rules governing petitions for writs of habeas corpus clearly contemplate such a procedure. Rule 65B(i)(6) states:

Within ten days after service of a copy of the complaint upon him, the attorney

general, or the county attorney, as the case may be, shall answer the complaint or *otherwise plead thereto. Any further pleadings or amendments shall be in conformity with the Utah Rules of Civil Procedure.* [Emphasis added.]

If factual issues are raised which should be considered by a trial court in a habeas corpus proceeding, then a hearing must be granted. Such is not the instant case.

Affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.