Shauna BINGHAM by her Guardian Ad Litem and Sharon Austin individually, Plaintiffs and Appellants,

v.

LAGOON CORPORATION, Anton Schwarzkoph, and Does 1–5, Defendants and Respondents.

No. 19909.

Supreme Court of Utah.

Oct. 1, 1985.

Merlin G. Calver, Ogden, for plaintiffs and appellants.

Stuart L. Poelman, Salt Lake City, for defendants and respondents.

HOWE, Justice:

We are asked in this case by the plaintiffs-appellants to find an exception to the "exclusive remedy" provision of the Workers' Compensation Act, U.C.A., 1953, title 35, chapter 1, and reverse the trial court's order dismissing defendant Lagoon Corporation from this personal injury action brought by an employee. In the absence of an exception that would exclude plaintiffs from the scope and coverage of the Workers' Compensation Act, this Court has repeatedly held that the remedy provided by the act is exclusive. *See Morrill v. J & M Construction Co.*, Utah, 635 P.2d 88 (1981).

I.

On June 10, 1983, sixteen-year-old Shauna Bingham was employed by Lagoon at its amusement park in Farmington, Utah. She was regularly assigned to work on and around rides at the north end of the park. Because the number of visitors at the park was down due to flood threats in the area, Shauna was assigned to clean the interior of a shed that housed computer equipment for the "Colossus" ride. The ride was in full operation at the time. A fellow employee was trying to run electrical wires under the track of Colossus, and Shauna left her duties to assist him. She was struck by the moving train and lost her left arm at the shoulder. Lagoon paid her medical expenses, as well as temporary disability payments through its workers' compensation insurance carrier. She instituted

this tort action to recover damages for her personal injuries. The trial court dismissed the action on Lagoon's motion that workers' compensation was Shauna's exclusive remedy.

Utah Code Ann., 1953, § 35-1-60 is controlling here. That section provides:

The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, *shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise,* to such employee or to his spouse, widow, children, parents, dependents, next of kin, heirs, personal representatives, guardian, or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.

(Emphasis added.)

■ Plaintiffs assert that Shauna was illegally engaged in hazardous employment in violation of section 34-23-2 and that she was therefore entitled to void her employment contract and sue Lagoon in tort. Section 34-23-2 prohibits employment of persons under eighteen years of age in "any hazardous occupation." While the issue of whether Shauna was engaged in hazardous employment in violation of that section at the time of her accident is a question of fact, a determination that she was so engaged would not assist her. Plaintiff relies on two cases where this Court required under section 35-1-43 as then worded a showing that a minor was lawfully employed before limitations were placed on the minor's rights or remedies at law.

*Ortega v. Salt Lake Wet Wash Laundry,* 108 Utah 1, 156 P.2d 885 (1945); *Henrie v. Rocky Mountain Packing Corp.,* 113 Utah 415, 196 P.2d 487 (1948), *petition for reh'g denied,* 113 Utah 444, 202 P.2d 727 (1949). If section 35-1-43 had not been amended subsequent to those cases, both *Ortega* and *Henrie* would control here and Shauna could maintain this tort action. However, the legislature amended that section in 1945 to define employees as, *inter alia,* "minors whether legally or illegally working for hire." Thus, despite illegal employment, a minor is covered by the Workers' Compensation Act.

That section, as amended, while barring tort actions, protects minors and covers them, even if they are illegally employed. A minor who suffers injury, as Shauna did, is compensated without regard to notions of fault. Without the expanded scope of that section, Shauna would be required to prove at a trial Lagoon's culpability and that Lagoon's act or failure to act was the direct and proximate cause of her injury. The essence of a workers' compensation system is that it is a mutual arrangement of reciprocal rights between an employer and an employee whereby both parties give up and gain certain advantages. By including illegally employed minors within its coverage, workers' compensation insures that an insured minor employee will be compensated for injuries without the expense or uncertainty of suing in tort. Plaintiffs' reliance on cases from New Mexico and Alaska courts, such as *Romero v. J.W. Jones Construction Co.,* 98 N.M. App. 658, 651 P.2d 1302 (1982), and *Whitney-Fidalgo Seafoods, Inc. v. Beukers,* Alaska, 554 P.2d 250 (1976), does not second her argument here, since neither state's Workers' Compensation Act contains specific language that brings illegally employed minors within its terms.

## II.

Plaintiffs urge us to adopt the doctrine of dual capacity and deny Lagoon the exclusive remedy protection of the Workers' Compensation Act. This doctrine was ex-

plained by the Supreme Court of Illinois in *McCormick v. Caterpillar Tractor Co.*, 85 Ill.2d 352, 357, 53 Ill.Dec. 207, 209, 423 N.E.2d 876, 878, 23 A.L.R.4th 1134, 1137–38 (1981):

> In relatively recent years an exception to the exclusive-remedy provision of the Workmen's Compensation Act has developed under what has come to be called the dual-capacity doctrine. Professor Larsen, in his treatise on Workmen's Compensation Laws, states: "Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer." (2A A. Larsen, *Workmen's Compensation* sec. 72.80, at 14–112 (1976).).

The court further explained:

> The decisive test to determine if the dual capacity doctrine is invokable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable.

In an annotation on the dual capacity doctrine at 23 A.L.R.4th 1151, 1155, the annotator observes that courts have generally been reluctant to apply it because of their concern of undermining workers' compensation statutes. Courts that have accepted the doctrine as a possible basis on which an employee may bring a personal injury action against his employer have generally restricted application of the doctrine to situations where the employer has truly taken on a separate role with respect to the employee. One of the earliest cases espousing the doctrine is *Duprey v. Shane*, 109 Cal.App.2d 586, 241 P.2d 78, *affirmed*, 39 Cal.2d 781, 249 P.2d 8 (1952), in which a chiropractor's employee injured in the course of employment and treated by the chiropractor himself was permitted to sue him for malpractice.

In addition to section 35–1–60, set out above, which provides that workers' compensation shall be the exclusive remedy against the employer, section 35–1–62 reinforces that resolve by permitting suits for damages only against persons other than the employer, officer, agent, or employee of the employer:

> When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person *other than an employer*, officer, agent, or employee of said employer, the injured employee, or in case of death his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person.

(Emphasis added.)

Plaintiffs' theory and argument on dual capacity here are: Lagoon applied for and received a building permit from Farmington City to erect the Colossus. Lagoon was listed as the general contractor. At the time Shauna was injured, she was employed by Lagoon in its capacity as a contractor. As such an employee, Lagoon (in its capacity as an amusement park operator) owed her the duty, as it would any employee of an independent contractor hired by Lagoon to do the same construction, to inspect with due care and discover the presence of any dangerous, natural, or artificial condition or activity, and to warn her as an invitee or make the premises safe. Lagoon failed to do this by continuing the operation of the ride while the construction was still underway.

■ We need not and do not here decide whether in view of the restrictions of sections 35–1–60 and –62 the dual capacity doctrine could ever be applied in this state. It is sufficient to observe that even those jurisdictions that recognize and apply the doctrine would probably not do so here. The annotator at page 1155 of the annota-

tion referred to above observes that attempts by employees to hold their employers liable for injuries resulting from the employer's maintenance of unsafe premises, on the reasoning that the employer occupies a separate capacity and owes separate duties to his employees as an owner of the premises, have generally been rejected for the reason that the employer's duty to maintain a safe work place is inseparable from the employer's general duties as an employer toward his employees. We agree with that reasoning. See the cases discussed at 23 A.L.R.4th 1163.

No error is found in the judgment of the lower court, and the same is therefore affirmed. No costs are awarded.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.