780 F.2d 856
 Jayne WORTHEN, individually and as guardian ad litem for
Charissa Worthen and Glen Elliott Worthen, minor
children, Plaintiff-Appellant,
v.
KENNECOTT CORPORATION d/b/a Kennecott, a New York
corporation, Defendant- Appellee.
 No. 85-1331.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 27, 1985.
 
 Christopher M. Mislow, Giauque & Williams (W. Brent Wilcox, of Giauque & Williams and Samuel N. Pappas, Salt Lake City, Utah, with him on the briefs), Salt Lake City, Utah, for plaintiff-appellant.
 James B. Lee (Kent W. Winterholler with him on the brief), Parsons, Behle & Latimer, Salt Lake City, Utah, for defendant-appellee.
 Before McKAY and MOORE, Circuit Judges, and WEST, District Judge.*
 McKAY, Circuit Judge.
 
 
 1
 While working at Kennecott's Magna Concentrator plant, Mr. Worthen was injured when a hook from an overhead crane fell and struck him. Mr. Worthen's fellow employees attempted to render emergency medical services, including transporting him to a hospital in a company-owned and controlled ambulance. The ensuing events had a "keystone cop" quality to them, and, unfortunately, Mr. Worthen died at or about the time he arrived at the hospital.
 
 
 2
 The complaint alleges that but for the attempted rendering of medical services by Kennecott's employees, Mr. Worthen would not have died. The trial court granted defendant's motion for summary judgment on the ground that appellant's action was barred by the exclusive remedy provisions of the Utah Worker's Compensation Act. For purposes of this appeal, we must assume that the allegations in the complaint about Kennecott's activities in negligently rendering medical assistance are true.
 
 
 3
 The primary issue raised on appeal is whether the trial court erred in ruling that Utah law does not accept the so-called dual capacity doctrine as an exception to the exclusive remedy provisions of the Act. Professor Larson, in his treatise on worker's compensation laws, explains the doctrine as follows:
 
 
 4
 Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in additions to his capacity as employer, a second capacity that confers on him obligation independent of those imposed on him as employer.
 
 
 5
 2A A. Larson, Workmen's Compensation Sec. 72.80 at 14-112 (1976). This doctrine is a judicial invention in a limited number of jurisdictions, apparently developed in response to the growing hostility to the perceived inadequacies of worker's compensation awards.
 
 
 6
 Although the Utah Supreme Court has never adopted the dual capacity doctrine, that court recently discussed it in Bingham v. Lagoon Corp., 707 P.2d 678 (Utah 1985). Concluding that, even if adopted, the doctrine would not apply to the facts of the case before it, the Utah Supreme Court said:
 
 
 7
 The decisive test to determine if the dual capacity doctrine is invokable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable.
 
 
 8
 Bingham, supra, at 679, 680 (quoting McCormick v. Caterpillar Tractor Co., 85 Ill.2d 352, 53 Ill.Dec. 207, 209, 423 N.E.2d 876, 878 (1981)).[1] The court also said that it did not there decide "whether in view of the restrictions of sections 35-1-60 and -62 the dual capacity doctrine could ever be applied in [Utah]." Bingham, supra, at 680.
 
 
 9
 The exclusive remedy provision found in Utah Code Ann. Sec. 35-1-60 (1953) provides:
 
 
 10
 The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to such employee or to his spouse, widow, children, parents, dependents, next of kin, heirs, personal representatives, guardian, or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.
 
 
 11
 (emphasis added). As the Utah Supreme Court observed, Utah Code Ann. Sec. 35-1-62 "reinforces [the exclusivity of this remedy] by permitting suits for damages only against persons other than the employer, officer, agent, or employee of the employer." Bingham v. Lagoon Corp., supra, at 680. Section 35-1-62 provides:
 
 
 12
 When any injury or death for which compensation is payable under this title shall have been caused by the wrongful act or neglect of a person other than an employer, officer, agent, or employee of said employer, the injured employee, or in the case of death his dependents, may claim compensation and the injured employee or his heirs or personal representative may also have an action for damages against such third person.
 
 
 13
 (emphasis added). Because appellant has not raised any constitutional issues, the resolution of this case is purely a matter of the proper construction of a legislative act of the State of Utah.
 
 
 14
 The only judicially-created exception to the exclusive remedy provisions ever recognized by the Utah Supreme Court is not applicable here and involves deliberate injuries inflicted on an employee. Bryan v. Utah International, 533 P.2d 892 (Utah 1975).
 
 
 15
 When sections 60 and 62 are read together, it becomes quite clear that the Utah legislature intended employers' immunity from common law liability to be coterminous with their liability under the Act. Thus, a correct analysis of employer immunity must begin with an analysis of the extent of the employers' liability under Utah Worker's Compensation Act. In that regard, the decisions of the Utah Supreme Court have been sweeping.
 
 
 16
 In Gunnison Sugar Co. v. Industrial Commission, 73 Utah 535, 275 P. 777 (1929), an employee suffered back injuries during the course of his employment. As the result of a third-party physician's medical treatment for his back injuries, the employee suffered further injuries. In upholding a worker's-compensation award for the aggravated injuries, the court stated:
 
 
 17
 [T]he aggravated loss or condition of the employee so occasioned by the negligence or unskillfulness of such physician cannot be said to be due to an independent and intervening cause but must be held attributable to the accident resulting in injury which as a primary cause set in motion a train of events from which the aggravated condition resulted.
 
 
 18
 Id. 275 P. at 779.
 
 
 19
 Under Gunnison, it is clear that the employer is liable under the Act for the broad range of foreseeable events set in motion by the on-the-job injury. This broad construction of the Act is reinforced by several Utah decisions involving injuries that were not sustained while the employee was performing his employment duties but which were nonetheless compensable under the worker's compensation laws. See Kennecott Corp. v. Industrial Comm'n of Utah, 675 P.2d 1187 (Utah 1983); Wilson v. Sears, Roebuck & Co., 14 Utah 2d 360, 384 P.2d 400 (1963); Salt Lake City v. Industrial Comm'n, 104 Utah 436, 140 P.2d 644 (1943).
 
 
 20
 In exempting the third-party intervenors under section 62, the Act makes clear that it is not disturbing the nature of the relationship between the employee and the employer. Thus, under the Utah Act and the cases construing it, when an injury necessitates treatment and the treatment aggravates the original injury, that aggravation is compensable. It necessarily follows that if the employer is held liable as a result of the obligations dictated by the Act, then the employer is to the same extent entitled to immunity from common law liability as provided in the same Act.[2] See Warwick v. Hudson Pulp & Paper Co., Inc., 303 So.2d 701, 702 (Fla.App.1974), cert. denied, 314 So.2d 776 (Fla.1975).
 
 
 21
 Appellant argues that limiting her to the remedies provided by state worker's compensation law is unfair. The overall scheme of the Act, however, is one which balances the amount of compensation awarded to injured employees against the elimination of employer defenses. Such an approach is well within the power of the state legislature, and, although the award under the Act in this case may seem unfair when compared to what juries award in similar tort actions, we must follow the scheme enacted by the Utah legislature.
 
 
 22
 Appellant contends that the trial court erred in failing to decide whether Mr. Worthen's injury arose out of or in the course of his employment. In light of the sweeping construction of the Utah Act in cases such as Gunnison, supra, the trial court would have had no alternative but to grant summary judgment in favor of Kennecott on this issue.
 
 
 23
 Appellant has urged us to certify the question concerning the dual capacity doctrine to the Utah Supreme Court. The trial court denied such a motion because, at the time of trial, no such procedure was available under Utah law. The combination of the clarity of the issue and the amount of time which has transpired since this matter was first raised leads us to conclude that this is not a case appropriate for the necessarily duplicative efforts of referring the case to the Utah Supreme Court. We do not mean thereby to imply that we are hostile to suggestions of certification of state law to the appropriate state courts. Ordinarily, such suggestions are best raised on appeal by motion before the case has been fully submitted and argued. In any event, each suggestion will of necessity have to be considered on its own merits.
 
 
 24
 AFFIRMED.
 
 
 
 *
 Honorable Lee R. West, United States District Judge for the Districts of Oklahoma, sitting by designation
 
 
 [1]
 Apparently, because the formulation of the dual capacity doctrine as stated in McCormick v. Caterpillar Tractor Co., supra, has proved subject to abuse and has threatened to eradicate the exclusive remedy principle, the Illinois Supreme Court in Sharp v. Gallagher, 95 Ill.2d 322, 69 Ill.Dec. 351, 447 N.E.2d 786, 788 (1983), "altered the analytical vortex of the doctrine." Toth v. Westinghouse Elevator Co., 114 Ill.App.3d 905, 449 N.E.2d 1005, 1007 (1983). In Sharp, "the court shifted the doctrine's focus from whether the employer occupied a second, independent role to an exclusive concern with whether the controversy involved separate legal entities or persona." Id
 
 
 [2]
 Even if the Utah Supreme Court were leaving open a friendly consideration of the dual capacity doctrine in Bingham, supra, we find it difficult to conceive of a factual situation that would be covered by the rule as articulated by that court. As the court put it, "[T]he test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's ... first role as an employer." Bingham, supra, at 680 (emphasis added). While the language "flowing from" is not precisely the same as "attributable to the accident resulting in injury which as a primary cause set in motion a train of events from which the aggravated condition resulted," Gunnison, supra, 275 P. at 779, the two concepts are analytically indistinguishable. If one adds the Utah Supreme Court's further elaboration: "If the obligations are related, the doctrine is not applicable," Bingham, supra, at 680, it becomes apparent that the doctrine as understood by the Utah Supreme Court would not apply to the facts of this case