**Lloyd L. MOORE, Plaintiff,**

v.

**AMERICAN COAL COMPANY, aka Emery Mining Corporation, Utah State Insurance Fund, and Second Injury Fund, Defendants.**

**No. 20620.**

Supreme Court of Utah.

May 20, 1987.

James R. Hasenyager, Ogden, for plaintiff.

James R. Black and Dennis V. Lloyd, Salt Lake City, for Utah State Ins. Fund.

Erie V. Boorman, Jr., Salt Lake City, for Second Injury Fund.

DURHAM, Justice:

Claimant seeks reversal of a decision of an administrative law judge denying him a hearing to review the report of the medical panel on his workers' compensation claim. We affirm.

Claimant injured his right knee in April 1979 when he slipped on a piece of coal in the course of his employment with American Coal Company. While in the military, claimant had suffered an injury to the same knee and had undergone reparative surgery previous to the 1979 accident.

Claimant had surgery on his right knee in 1979, 1980, and 1981. The Utah State Insurance Fund, as insurer for American Coal Company, paid claimant's bills for the 1979 and 1980 surgeries and provided compensation for temporary total disability from the date of the accident until April 5, 1981. When the Utah State Insurance Fund terminated claimant's compensation and refused to pay for the surgery that was performed in 1981, claimant filed a claim with the Industrial Commission. A medical panel examined claimant, reviewed his medical records, and determined that the 1981 surgery was necessitated by the 1979 industrial accident. The panel also determined that "no further medical therapy, physical therapy or surgery is indicated as a result of the industrial injury."

In January and September of 1984, claimant again underwent knee surgery. When the State Insurance Fund refused to pay for the January surgery, claimant again filed with the Industrial Commission, which held a hearing in June 1984 and appointed a medical panel. The panel met in January

1985; it considered both the January and the September 1984 operations and found that neither was necessitated by the 1979 accident. Claimant objected to the medical panel's report and requested a hearing. The administrative law judge rejected claimant's request for a hearing and adopted the medical panel's report in his findings of fact and conclusions of law.

On appeal, claimant argues that he was entitled to a hearing because he objected to the medical panel's report. Claimant argues that the language of Utah Code Ann. § 35–1–77 (1974) is nondiscretionary and compels the administrative law judge to hold a hearing when an objection to a medical panel report is filed. Claimant relies on the following language: "If objections to such report are filed it shall be the duty of the commission to set the case for hearing within thirty days to determine the facts and issues involved...."

Defendants do not take issue with claimant's interpretation of the language quoted above; rather, they argue that section 35–1–77 was amended in 1982, three years prior to the decision from which claimant appeals. The amendment to section 35–1–77 makes the granting of a hearing discretionary. Since 1982, the section has read: "If objections to such report are filed the commission *may* set the case for hearing to determine the facts and issues involved...." Utah Code Ann. § 35–1–77 (1986) (emphasis added). Claimant has raised no issues as to whether the administrative law judge abused his discretion in refusing claimant a hearing;[1] rather, he contends that a hearing is mandatory if requested. Nor has claimant made a substantive attack on section 35–1–77. Thus, the sole issue is which provision to apply.

We agree with the administrative law judge that the 1982 amendment controls this case.

■ The dissenting opinion treats an issue not raised or addressed by the parties'

briefs. We express no opinion on the constitutionality of the statute or its application. Such an undertaking is ill-advised in the absence of a request from or briefing by the parties. In workers' compensation cases, we determine the rights and liabilities of the parties as of the date when the accident at issue occurred. *Okland Construction Co. v. Industrial Commission,* 520 P.2d 208, 210 (Utah 1974); *see also Rex E. Lantham Co. v. Industrial Commission,* 717 P.2d 255, 256 n. 1 (Utah 1986); *Kaiser Steel v. Industrial Commission,* 709 P.2d 1168, 1171 n. 1 (Utah 1985); *Marshall v. Industrial Commission,* 704 P.2d 581, 582 (Utah 1985); *Smith v. Industrial Comission,* 549 P.2d 448, 449 (Utah 1976); *Utah Construction Co. v. Matheson,* 534 P.2d 1238, 1239 (Utah 1975).

However, a statute that is procedural or remedial is applied to all cases arising after the effective date of the statute and to pending and accrued actions. *See Docutel Olivetti Corp. v. Dick Brady Systems, Inc.,* 731 P.2d 475, 478 (Utah 1986); *Marshall v. Industrial Commission,* 704 P.2d 581, 582 (Utah 1985); *State Department of Social Services v. Higgs,* 656 P.2d 998, 1000 (Utah 1982). Procedural statutes that do not "enlarge, eliminate, or destroy vested or contractual rights" are applied to pending actions. *State Department of Social Services v. Higgs,* 656 P.2d at 1000 (holding the administrative review procedure for employee grievances to be procedural).

■ The amendment of section 35–1–77 does not enlarge or destroy vested or contractual rights; rather, it governs the process under which claims are disposed of by the Industrial Commission. We note that convenience and reasonableness are properly considered in determining whether legislation is remedial or procedural. *Boucofski v. Jacobsen,* 36 Utah 165, 172, 104 P. 117, 119–20 (1909). Serious difficulties would result in the administration of the workers' compensation system if differing

---

**1.** The administrative law judge relied on Workers' Compensation Rules and Regulations-Procedure 1.2.33(c) in refusing claimant's request for a hearing. That rule allows a hearing when "there is a proffer of conflicting medical testimony or an indication that all relevant medical evidence was not considered by the panel." Claimant proffered no conflicting medical testimony or overlooked evidence.

procedures were to be maintained simultaneously.

Affirmed.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, Associate Chief Justice (dissenting):

I dissent. In my view, the 1982 version of Utah Code Ann. § 35–1–77 (1974 and Supp.1986) as applied in this case denies the claimant's due process right to a hearing, *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975); *Vali Convalescent & Care Institution v. Industrial Commission*, 649 P.2d 33 (Utah 1982), and to cross-examine witnesses against him. *See Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). *See also Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).

The issue cannot be avoided, I submit, on the ground that the claimant has not raised a due process argument on appeal. Quite clearly the claimant has only argued the construction of the predecessor to § 35–1–77, which would have afforded him a hearing and the right of cross-examination. But since the law is long standing that a statute should not be construed so as to be applied unconstitutionally, *e.g., State v. Wood*, 648 P.2d 71 (Utah 1982), and since the Commission's application of the amended version of § 35–1–77 in this case violates due process, I believe a reversal is warranted.

The Commission denied the claimant compensation on the basis of the conclusions reached in the medical panel's report. Those conclusions were uncritically accepted by the Commission despite the claimant's request for a hearing to consider his objections to the report and to adduce his own evidence. There is no finding that the claimant's objections, or his claim itself, are frivolous. I recognize that the medical panel is supposed to constitute a panel of neutral expert witnesses, but that does not make its determinations error free. Clearly, the members of the medical panel who prepare the report are not intended to be adjudicators of the claimant's right to compensation.

The claimant submitted a claim to be adjudicated. Instead, the Commission disposed of the claim without even a pretext of due process. Due process requires that a person who asserts a legally cognizable claim be accorded a hearing and the opportunity to cross-examine witnesses against him or her. *See Hannah*, 363 U.S. at 442, 80 S.Ct. at 1514. As Professor Larson wrote:

> Under the increasingly common practice of referral of claimant to an official medical examiner or an independent physician chosen by the commission, it is particularly important that the commission not lose sight of the elementary requirement that parties be given an opportunity to see such a doctor's report, cross-examine him, and if necessary provide rebuttal testimony.

3 A. Larson, *The Law of Workmen's Compensation* § 79.63, at 15–426.209 (1983) (footnote omitted).

Several courts have adopted this view and require that a party be allowed to cross-examine the doctors who prepare medical reports that are admitted into evidence in workers' compensation cases. *See Employers Commercial Union Insurance Group v. Schoen*, 519 P.2d 819 (Alaska 1974); *Rumsey v. Cardinal Petroleum*, 530 P.2d 433 (Mont.1975); *Scheytt v. Industrial Commission*, 134 Ariz. 25, 653 P.2d 375 (Ariz.Ct.App.1982); *Beeler v. Central Foundry Division*, 32 Mich.App. 661, 189 N.W.2d 64 (1971); *Bethlehem Steel Corp. v. Clayton*, 578 F.2d 113 (5th Cir. 1978). *See also Hartford Accident & Indemnity Co. v. Duvall*, 113 N.H. 28, 300 A.2d 732 (1973).

Since cross-examination might well have disclosed inaccuracies or unsupported conclusions in the medical panel's report that could not have been discovered in any other way and claimant was denied that right, I believe that § 35–1–77 was applied in an unconstitutional fashion.