Emilio ORTIZ, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH, and Kennecott Copper Corp. (self-insured) and Second Injury Fund, Defendants.

No. 870527–CA.

Court of Appeals of Utah.

Jan. 3, 1989.

James R. Black, Susan B. Diana (argued), Salt Lake City, for appellant.

Henry K. Chai, II (argued), Snow, Christensen & Martineau, Salt Lake City, for defendants.

Erie V. Boorman, Adm'r, Salt Lake City, for Second Injury Fund.

P. Drew Hunter, Director, Human Resources, Bingham Canyon, for Kennecott Copper Corp.

Before DAVIDSON, BENCH and GREENWOOD, JJ.

## OPINION

DAVIDSON, Judge:

An administrative law judge denied Emilio R. Ortiz's claim for total permanent disability. The Industrial Commission denied Ortiz's motion for review and affirmed the A.L.J.'s order. Ortiz now appeals the denial of benefits and his motion for review. We affirm.

## FACTS

In 1951, Ortiz fell in the shower and injured his neck and back. From 1951 to 1976 he suffered numerous other mishaps that also resulted in back injury. On February 19, 1976, while at work at defendant Kennecott Copper Corp., Ortiz lifted a heavy railroad tie and injured his back. Ortiz filed a claim with the Industrial Commission for permanent partial disability. A medical panel was appointed and concluded that Ortiz had a 10% impairment of the whole man, 2% of which was due to the industrial accident. Subsequently, Ortiz underwent surgery to fuse certain discs in his back. The medical panel issued another report which took into account the fusion and increased the impairment rating to 20% of the whole man, but kept the percentage due to the industrial accident at 2%. Nonetheless, the A.L.J. awarded Ortiz compensation for permanent partial disability based on 25% whole person disability with 5% due to the industrial accident.

Ortiz had left work in 1976 because of the injury, but returned in 1979. He reported an increase in back pain over the next several years.

In April and again in May of 1983, Ortiz was involved in two automobile accidents. In the first, Ortiz's car slid on black ice, spun around and ended up in a ditch. In the second, another car hit the rear of Ortiz's car. Ortiz was hospitalized after each accident because of back pain. After the automobile accidents, Ortiz filed another claim with the Industrial Commission based on the 1976 industrial accident. This time, Ortiz claimed permanent total disability.

An evidentiary hearing was held in which Ortiz was permitted to read a letter from Dr. Wayne M. Hebertson. In the letter, Dr. Hebertson stated that in his opinion the disability due to the industrial accident had increased 5% and the car accidents just accelerated an early retirement which would have eventually been required by the industrial accident.

The matter was again submitted to the medical panel. The panel acknowledged its

earlier report of 2% disability due to the industrial accident and the A.L.J.'s findings of 5%. Without disagreeing with those findings, the panel concluded that Ortiz's disability had not significantly changed. The panel noted that it felt Ortiz was not being totally honest during the panel's examination.

Ortiz filed an objection to the panel report and requested a hearing. The A.L.J. denied both the request for hearing and Ortiz's claim for further benefits.

### ISSUES

Ortiz claims the A.L.J. erred: First, by not allowing Dr. Herbertson to testify at the evidentiary hearing; second, by refusing Ortiz's request for a hearing on objections to the medical panel; third, by failing to award Ortiz permanent total disability benefits; and finally, by not ordering a rehabilitation evaluation as Ortiz requested.

### DISCUSSION

■ Ortiz first claims the A.L.J. improperly excluded his medical witness from testifying. The record, however, indicates that Ortiz dismissed Dr. Hebertson prior to the start of the evidentiary hearing and, instead, read into evidence a letter outlining Dr. Herbertson's opinion. The letter was sufficient to present that part of Ortiz's evidence. *See Booms v. Rapp Constr. Co.*, 720 P.2d 1363, 1367 (Utah 1986).

Furthermore, Ortiz did not argue in any of the Commission proceedings, that he was in some manner forced to introduce the letter instead of the oral testimony of Dr. Hebertson. We will not consider an issue raised for the first time on appeal. *Rekward v. Industrial Comm'n of Utah*, 755 P.2d 166, 168 (Utah App.1988). Accordingly, we find no merit to this claim.

■ Ortiz also claims the provisions of Utah Code Ann. § 35-1-77 (1988) are substantive and should not be applied to his case since his accident occurred prior to the effective date of the 1982 amendments to that section. Under the current statute, the Commission has discretion to refuse to hold a hearing on objections to the medical panel report. Prior to 1982, the statute required a medical panel hearing if objections were raised. In *Moore v. American Coal Co.*, 737 P.2d 989 (Utah 1987), the Utah Supreme Court considered section 35-1-77 and found that it did not "enlarge or destroy vested or contractual rights," but rather controlled the "process under which claims are disposed of." *Id.* at 990. Thus the statute is procedural, and may be applied to an accident that occurred prior to the 1982 amendments. *Moore* is controlling and disposes of that part of Ortiz's argument.

As another basis for review, Ortiz claims that the A.L.J. erred in denying him permanent total disability benefits. According to Ortiz, the "odd lot doctrine" should have been applied to find the total disability even with the small percentage of work-related injuries. We disagree.

■ The "odd lot doctrine" allows the Commission to find permanent total disability when a relatively small percentage of impairment caused by an industrial accident is combined with other factors to render the claimant unable to obtain employment. *See Norton v. Industrial Comm'n of Utah*, 728 P.2d 1025, 1027 (Utah 1986). However, unless the claimant has suffered a compensible industrial injury, the doctrine is inapplicable no matter how compelling the other factors.

■ A claimant is entitled to workers' compensation benefits only where the pertinent injuries are causally connected to the claimant's employment. *Large v. Industrial Comm'n of Utah*, 758 P.2d 954, 956 (Utah App.1988). The proper causal connection was outlined by the supreme court in *Allen v. Industrial Comm'n of Utah*, 729 P.2d 15, 25 (Utah 1986). Under that test, proof of both medical and legal causation is required. To prove medical causation, a claimant must introduce evidence to show "the disability is medically the result of an exertion or injury that occurred during a work-related activity." *Id.* at 27. "In the event the claimant cannot show a medical causal connection, compensation

should be denied." *Id.* Furthermore, the claimant must prove medical causation by a preponderance of the evidence. *Large,* 758 P.2d at 956.

In the instant case, Ortiz testified that he returned to work after the industrial injury, but had continued pain which increased over time. Ortiz also introduced medical evidence that his back was gradually degenerating and would have caused him to retire early even without the car accidents. The medical panel disagreed. After an extensive examination, they reported that they found no evidence of degeneration. The A.L.J. adopted the view of the medical panel report and found that no medical causation existed.

■ The extent and duration of a claimant's disability are questions of fact to be determined by the Commission. *Entwistle Co. v. Wilkins,* 626 P.2d 495, 498 (Utah 1981). This court will not overturn the factual findings of the Commission unless they are arbitrary and capricious. *Blaine v. Industrial Comm'n of Utah,* 700 P.2d 1084 (Utah 1985). Findings are arbitrary and capricious "when they are contrary to the evidence or without any reasonable basis in the evidence." *Rushton v. Gelco Exp.,* 732 P.2d 109, 111 (Utah 1986). In the instant case, the medical panel evidence supports the A.L.J.'s findings of fact. We, therefore, will not overturn them.

■ Finally, Ortiz claims the A.L.J. should have ordered an evaluation to determine his prospects for rehabilitation. Such an evaluation is only required after permanent disability is tentatively found to exist. Utah Code Ann. § 35–1–67 (1988). Since the Commission did not find compensable permanent disability, a rehabilitation evaluation was not necessary.

## CONCLUSION

We find no error in the procedures followed or in the findings of the A.L.J. Therefore, the Commission properly denied Ortiz's motion for review.

WE AFFIRM.

BENCH and GREENWOOD, JJ., concur.