WICAT SYSTEMS, and Hartford Insurance Group, Petitioners,

v.

Sylvia PELLEGRINI, Second Injury Fund of Utah, and Industrial Commission of Utah, Respondents.

No. 880218–CA.

Court of Appeals of Utah.

March 22, 1989.

---

Stuart L. Poelman, Salt Lake City, for appellants.

Erie V. Boorman, Second Injury Fund, Salt Lake City, for respondents.

Before DAVIDSON, BILLINGS and GARFF, JJ.

DAVIDSON, Judge:

On June 21, 1983, Sylvia Pellegrini, an employee of Wicat Systems, injured her wrist while at work. In 1987, Pellegrini filed a claim with the Industrial Commission for permanent total disability. The parties stipulated that Pellegrini had a preexisting impairment of 46% prior to 1980, that she incurred an additional 12% impairment prior to 1983, that the injury to her wrist caused another 24% impairment,[1] and that she was now, with the wrist injury, permanently and totally disabled. The only issue before the Administrative Law Judge (A.L.J.) was the proper apportionment between Wicat Systems and the Second Injury Fund.

The A.L.J. determined that Utah Code Ann. § 35–1–69 (as amended 1984) controlled, even though Pellegrini's injury occurred in 1983, and so computed Wicat's share of the liability at ²⁴⁄₆₄ths or 37.5%. Wicat filed a motion for review claiming that the 1981 version of section 35–1–69, which would have placed its share of liability at ¹²⁄₆₄ths or 18.75%, should have instead

been applied. The Commission denied Wicat's motion.

The sole issue before us is whether the 1984 amendments to section 35–1–69 were procedural or remedial such that they could be applied retroactively to an injury that occurred before the effective date of the amendments.[2] We hold that the amendments were not remedial, and, therefore, did not apply retroactively.

In workers' compensation cases, we generally apply the law existing at the time of injury. *Moore v. American Coal Co.,* 737 P.2d 989, 990 (Utah 1987); *Kennecott Corp. v. Industrial Comm'n,* 740 P.2d 305, 308 (Utah App.1987); *Marshall v. Industrial Comm'n,* 704 P.2d 581, 582 (Utah 1985). Under this rule, the 1981 version of section 35–1–69 would generally apply to Pellegrini's accident, since it was the law at the time she was injured. However, there are exceptions to this general rule. If amendments are procedural and do not enlarge, eliminate, or destroy vested or contractual rights, the amended statute may be applied retroactively to accidents which occurred before the amendments became effective. *Moore,* 737 P.2d at 990. Furthermore, if the amendments "deprive a party of rights or impose greater liability," but are enacted to "clarif[y] or amplif[y] how the earlier law should have been understood," in other words, remedial in nature, the amendments can still be retroactively applied. *Kennecott Corp.,* 740 P.2d at 308.

 In the instant case, Wicat's responsibilities to pay workers' compensation to Pellegrini were similar to contractual obligations. *Utah Constr. Co. v. Matheson,* 534 P.2d 1238, 1239 (Utah 1975). The level of Wicat's liability was set by the 1981 version of the statute. However, when the 1984 amendments were enacted they increased the percentage of liability of Wicat, thus enlarging those obligations. These kinds of amendments fit within the category held not to be retroactive. *See*

---

1. These are whole person impairment percentages.

2. In 1988, section 35–1–69 (1984) was repealed. The reenacted Utah Code Ann. § 35–1–69 (1988) abandoned the language in question.

*Kennecott,* 740 P.2d at 308; *cf. Moore,* 737 P.2d at 990.

Pellegrini, however, argues that even though the 1984 amendments may have enlarged or increased Wicat's contractual obligations they were meant to clear up some confusion in the law under section 35–1–69 as amended in 1981. Therefore, Pellegrini argues these amendments are remedial and retroactive. Pellegrini refers to *Kerans v. Industrial Comm'n,* 713 P.2d 49 (Utah 1986), *Jacobsen Construction v. Hair,* 667 P.2d 25 (Utah 1983), and *Northwest Carriers, Inc. v. Industrial Comm'n,* 639 P.2d 138 (Utah 1981) to show this confusion.

We are not persuaded by Pellegrini's argument. *Hair* required use of combined impairment ratings in the equation rather than both whole and combined ratings. The other cases dealt with other closely connected issues, but did not directly contradict or overturn *Hair.* We find no confusion or ambiguity requiring clarification or amplification in these cases. The legislature changed the statute to require use of both whole person and combined impairment ratings to determine liability and did so in the 1984 amendments. However, that fact by itself does not require us to conclude the legislature was clarifying or amplifying the preexisting law.

Since the 1984 amendments to section 35–1–69 cannot be applied retroactively, the law controlling Pellegrini's case was the law in effect at the time of her injury. Accordingly, we apply the 1981 version of section 35–1–69 as interpreted by the *Hair* case. Under that formulation, Wicat's portion of liability for Pellegrini's injury is $^{12}/_{64}$ths or 18.75%.

The order of the Commission is reversed. Liability is apportioned $^{12}/_{64}$ths or 18.75% to Wicat and $^{52}/_{64}$ths or 81.25% to the Second Injury Fund.

BILLINGS and GARFF, JJ., concur.