**Darrell F. ABEL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF UTAH; West Jordan Care ˙Center; Workers Compensation Fund; and Employers' Reinsurance Fund, ·Respondents.**

**No. 920262–CA.**

Court of Appeals of Utah.

Sept. 3, 1993.

Virginius Dabney (argued), Dabney & Dabney, P.C., Salt Lake City, for petitioner.

Mark D. Dean (argued), Salt Lake City, for Workers Compensation Fund of Utah.

Erie V. Boorman, Administrator, Salt Lake City, for Employers' Reinsurance Fund.

Before BENCH, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Darrell F. Abel seeks review of an order of the Board of Review of the Industrial Commission of Utah denying his claim for permanent total disability benefits under Utah Code Ann. § 35–1–67 (1988) and Utah Admin.Code R490–1–17(C) (1991). We reverse and remand.

## FACTS

In early March 1989, Abel began working thirty-two hours per week as a trainer/nurse's aide at West Jordan Care Center. On March 22, during his first month of employment, Abel injured his lower back while moving one of the center's residents from his wheelchair to his bed. Over the next several months, Abel sought medical attention for his back injury and underwent extensive testing and treatment. These tests were inconclusive as to the level of degeneration and the impairment resulting from the accident.

On November 4, 1990, Abel filed an application for a hearing before the Industrial

Commission. Abel claimed that the accident had rendered him totally disabled, entitling him to permanent total disability benefits under Utah Code Ann. § 35-1-67 (1988). Abel acknowledged in his application that in January 1985, four years prior to the accident, the Social Security Administration found him permanently and totally disabled as a result of the amputation of his right hand, chronic pulmonary disease, familial tremor, diabetes, cervical spine impairment, thoracic spine impairment, cardiac problems and other medical maladies, and awarded him permanent total disability benefits.

Following a hearing on March 12, 1991, an administrative law judge (ALJ) appointed an independent medical panel to review Abel's numerous medical conditions and rate the contribution of each to Abel's whole person impairment. The panel rated Abel's conditions as follows:

| Medical Problem | Whole Person Impairment |
| --- | --- |
| right hand amputation at the wrist | 57% |
| chronic obstructive pulmonary disease (COPD) | 50% |
| cardiac | 15% |
| cervical spine | 6% |
| essential or familial tremor | 5% |
| diabetes | 5% |
| orchidectomy | 5% |
| low back | 5% |
| thoracic spine | 2% |
| right clavicle | 2% |
| meralgia parastetica | 2% |

(emphasis added). The medical panel found that the low back pain impairment attributable to the March 22, 1989, accident accounted for only five percent of Abel's whole person impairment. Combining all of Abel's medical conditions in accordance with the American Medical Association's guidelines to the evaluation of permanent impairment, the panel found a total combined whole person impairment of eighty percent.

Subsequently, the ALJ entered findings of fact, conclusions of law and an order denying Abel's claim for permanent total disability benefits, finding that there was no causal connection between the industrial accident and Abel's permanent total disability:

> The applicant was determined to be permanently totally disabled by Social Security as of January 1985.... [T]he same criteria used by Social Security in making a finding of total disability is now used by the Industrial Commission in determining whether an applicant is permanently totally disabled for purposes of workers compensation. Therefore, per Industrial Commission statute and rule, the applicant qualified as permanently totally disabled in January 1985, 4 years prior to when he had the industrial accident at issue (March 22, 1989). If the industrial accident occurred after the applicant was already determined to be permanently totally disabled, then it is very difficult to say that the March 22, 1989, industrial accident CAUSED the permanent total disability.

Although the ALJ denied Abel permanent total disability benefits, he did award Abel permanent partial impairment benefits, as well as all medical expenses incurred "for the 5% whole person low back impairment sustained as a result of the March 22, 1989, industrial accident."

Abel filed a motion for review by the Board of Review of the Industrial Commission of Utah (the Board). The Board entered an order denying that motion on the ground that "[Abel's] industrial accident was not a significant cause of his permanent disability" under Rule R490-1-17(C) of the Utah Administrative Code. Rule R490-1-17 provides, in relevant part:

> R490-1-17. Permanent Total Disability
>
> ....
>
> C. In evaluating industrial claims in which the injured worker has qualified for Social Security disability benefits, the Commission will determine if a *significant* cause of the disability is the claimant's industrial accident or some other unrelated cause or causes.

Utah Admin.Code R490-1-17(C) (1991) (emphasis added). This rule, which was pro-

mulgated subsequent to Abel's March 22, 1989, industrial accident, but prior to Abel's application for a hearing in this matter, purports to modify Utah Code Ann. § 35–1–67 (1988) by adding a quantitative requirement to the causation of the disability analysis when an injured worker has already qualified for Social Security disability benefits.

Based on its determination that Abel's accident was not a significant cause of his permanent total disability under Rule R490–1–17(C), the Board ruled that he was not entitled to permanent total disability compensation under Utah Code Ann. § 35–1–67 (1988).[1]

## ANALYSIS

Abel seeks reversal of the Board's denial of permanent total disability compensation under Utah Code Ann. § 35–1–67 (1988), challenging the Board's determination that his industrial accident was not a significant cause of his permanent total disability, pursuant to Utah Admin.Code R490–1–17(C) (1991). The Industrial Commission responds that the Board correctly determined that the industrial accident was not a significant cause of his permanent total disability under Rule R490–1–17(C), and thus, denial of his claim was proper.

However, before this court can consider whether Rule R490–1–17(C) precludes Abel from permanent disability benefits resulting from the back injury of March 22, 1989, we must first address the applicability of that rule to the case at bar. Since Rule R490–1–17(C) was promulgated subsequent to Abel's March 22, 1989, industrial accident, we must determine whether it may be applied retroactively.

■ The general rule in workers' compensation cases is that the court is to "ap-ply the law existing at the time of injury." *Wicat Systems v. Pellegrini*, 771 P.2d 686, 687 (Utah App.1989) (citations omitted). However, there are two exceptions to this general rule that allow for the retroactive application of the amended provision.

■ First, if the amendment is procedural and does not "enlarge, eliminate, or destroy vested or contractual rights, the amended [rule] may be applied retroactively to accidents which occurred before the amendment[ ] became effective." *Id.* (citation omitted). In the case at bar, Rule R490–1–17(C) is not procedural in nature, but rather a substantive addition to the law. It substantively changes the level of the causation requirement necessary to recover for a claimant's disability. Thus, this first exception does not apply.

Second, "if the amendment[ ] 'deprive[s] a party of rights or impose[s] greater liability,' but [is] enacted to 'clarify or amplify how the earlier law should have been understood,' in other words, remedial in nature, the amendment[ ] can still be retroactively applied." *Id.* (quoting *Kennecott Corp. v. Industrial Comm'n*, 740 P.2d 305, 308 (Utah App.1987)). However, "[e]very amendment not expressly characterized as a clarification carries the rebuttable presumption that it is intended to change the existing legal rights and liabilities." *Luckau v. Industrial Comm'n*, 840 P.2d 811, 816 n. 2 (Utah App.1992) (quoting *State v. Amador*, 804 P.2d 1233, 1234 (Utah App. 1990)), *cert. denied*, 853 P.2d 897 (Utah 1993). In the case at bar, Rule R490–1–17(C) has not been expressly characterized as a clarification of the existing law. It is a new rule, which is not remedial in nature, but rather substantive in effect and purpose. Thus, this second exception to the general rule does not apply. Accordingly, since Rule R490–1–17(C) is substantive in

---

1. Section 35–1–67 provides, in pertinent part:
   (1) In cases of permanent total disability caused by an industrial accident, the employee shall receive compensation as outlined in this section. Permanent total disability for purposes of this chapter requires a finding by the commission of total disability, as measured by the substance of the sequential decision-making process of the Social Security Administration under Title 20 of the Code of Federal Regulations as revised. The commission shall adopt rules that conform to the substance of the sequential decision-making process of the Social Security Administration under 20 C.F.R. Subsections 404.1520(b), (c), (d), (e) and (f)(1) and (2), as revised.
   Utah Code Ann. § 35–1–67 (1988).

nature and was promulgated after the injury occurred, and since neither exception to the general rule against retroactive application of amended provisions applies, Rule R490–1–17(C) cannot be applied retroactively in the case at bar.

Therefore, the Board erred in evaluating Abel's injury under the standard set forth in Utah Admin.Code R490–1–17(C) (1991) because Abel's injury occurred on March 22, 1989, and Rule R490–1–17(C) was not promulgated until 1990. Under the general rule against retroactivity, the Board should have applied Utah Code Ann. § 35–1–67 (1988), the law existing at the time of Abel's injury. By focusing on the *significant* cause of Abel's disability, as provided by Rule R490–1–17(C), rather than evaluating Abel's claim under section 35–1–67, the Board applied an incorrect standard, and such ruling cannot stand.[2]

## CONCLUSION

The Board's reliance on Utah Admin.Code R490–1–17(C) (1991) in determining that Abel was not entitled to permanent total disability benefits was incorrect. Accordingly, we reverse and remand for a determination using the standard that existed at the time the injury occurred.

. BENCH and GREENWOOD, JJ., concur.

---

**2.** We do not, however, express any view as to whether Rule R490–1–17(C) falls within the Commission's rule-making authority or exceeds the same by imposing a "significant cause" requirement.