**Jeff KOFOED, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Department of Corrections, and Workers' Compensation Fund of Utah, Respondents.**

No. 930201–CA.

Court of Appeals of Utah.

April 1, 1994.

Robert Breeze (argued), Salt Lake City, for petitioner.

Richard G. Sumsion ·(argued), Thomas C. Sturdy, Sharon J. Eblen, Indus. Com'n of UT, Jan Graham, State Atty. Gen., and Nancy L. Kemp, Sp. Asst. Atty. Gen., Salt Lake City, for respondents.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Petitioner Jeff Kofoed seeks review of an Industrial Commission order, which reversed an administrative law judge's decision granting Kofoed workers' compensation benefits. We affirm.

## FACTS

At the time of the accident giving rise to Kofoed's workers' compensation claim, he was a Utah State Prison inmate working in the prison's Conservation Camp program. Inmates volunteering for the program performed conservation and fire suppression activities both in the state of Utah and throughout the West. The program was a joint venture between the Department of Corrections and the Division of State Lands and Forestry.

Inmate labor was invoiced at $6.00 to $6.50 per hour. Of that amount, inmates received $3.50 per hour and the Division of State Lands and Forestry received the remainder. The prisoner's portion was considered a stipend, not a wage by the prison. According-ly, no taxes were withheld from the payment. Federal law required the prison to pay workers' compensation premiums on some of its Utah Correctional Industries employees, ·but the Conservation Camp program ·was not a Utah Correctional Industry.

Inmates in the program were required to sign a Conservation Camp Resident's Agreement. The agreement provided that the inmate would remain in the program for a minimum of one year. It also noted that the inmate's participation in the program was purely voluntary. The program provided inmates with training in fire fighting techniques and advanced first aid. Kofoed fought approximately thirty fires during the summer of 1986. In August 1986, Kofoed, who had been fighting fires in Oregon, was assigned to a fire in Idaho. While traveling to Idaho, he was involved in an accident and sustained injuries to his lower back. He was treated in Boise, and after an x-ray, was informed he had sustained a bad bruise. Kofoed was given medication and hospitalized for three days, after which he was returned to the Utah State Prison.

Kofoed was in and out of prison over the next five years. During this time he complained of back pain and was finally diagnosed with two herniated discs. Surgery was performed on Kofoed's back and his recovery was uneventful.

Kofoed filed a claim for benefits under the Utah Workers' Compensation Act. Following an evidentiary hearing, the administrative law judge found Kofoed to be an employee at the time of his accident and awarded him benefits. Respondents filed a motion for review. The Industrial Commission granted the motion and set aside the order dismissing Kofoed's claim with prejudice. Kofoed petitioned this court for review.

## ANALYSIS

The law to be applied in workers' compensation cases is the "law existing at the time of injury." *Wicat Sys. v. Pellegrini*, 771 P.2d 686, 687 (Utah App.1989); *accord Abel v. Industrial Comm'n*, 860 P.2d 367, 369 (Utah App.1993). However, two exceptions to this general rule allow a subsequently

amended statute to be applied retroactively to the time of the injury. The first exception deals with procedural amendments and is not applicable in this case. *See Madsen v. Borthick,* 769 P.2d 245, 253 (Utah 1988); *Abel,* 860 P.2d at 369; *Wicat Systems,* 771 P.2d at 687. The second exception allows for retroactive application of a statutory amendment if the amendment was enacted to clarify or amplify how the earlier law should have been understood. *Kennecott Corp. v. Industrial Comm'n,* 740 P.2d 305, 308 (Utah App. 1987); *State Dept. of Social Servs. v. Higgs,* 656 P.2d 998, 1001 (Utah 1982); *Okland Constr. Co. v. Industrial Comm'n,* 520 P.2d 208, 210–11 (Utah 1974). This exception carries a rebuttable presumption that amendments not expressly characterized as clarifications are intended to change existing legal rights and liabilities. *State v. Amador,* 804 P.2d 1233, 1234 (Utah App.1990) (citing *Madsen,* 769 P.2d at 252); *accord Employers' Reinsurance v. Industrial Comm'n,* 856 P.2d 648, 653 (Utah App.1993).

The workers' compensation statute in effect at the time of Kofoed's accident stated:

> Every employee mentioned in Section 35–1–43 who is injured ... by accident arising out of or in the course of his employment ... shall be paid compensation. . . .

Utah Code Ann. § 35–1–45 (Cum.Supp.1986). Section 35–1–43 defined "employee" but did not reference inmates. Section 35–1–43 was amended in 1993 to explicitly preclude inmates from the definition of "employee" except as required by federal statute. *See* Utah Code Ann. § 35–1–43(5) (Cum.Supp. 1993). The amendment was not expressly characterized as a clarification. Accordingly, the presumption that the amendment was enacted to change, not merely clarify existing rights and liabilities, applies. Thus, the sole issue before us is whether the respondents have successfully rebutted this presumption. We hold that they have.

■ Respondents argue that inmates have never been afforded employee status under Utah case law or statutory law and that the amendment precluding inmates from the definition of "employee" must, therefore, be a clarification, not a change. We agree. Although inmates were not expressly excluded from the definition of "employee" previous to the amendment, that does not mean they were ever considered employees. The Court of Appeals for the Tenth Circuit recently addressed a similar issue with respect to the Fair Labor Standards Act. *See Franks v. Oklahoma State Indust.,* 7 F.3d 971, 972 (10th Cir.1993). The *Franks* court noted that it is "singularly unconvincing ... that the statutory scheme's *failure* to include 'prisoners' on ... 'an extensive list' of workers who are excepted expressly from FLSA coverage provides somehow a rationale to bring them within the statute's mandate." *Id.* (quoting *Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320, 1325 (9th Cir.1991)). The court went on to state that the more plausible explanation for not expressly excluding inmates from coverage is that in view of the purpose of the FLSA, it never crossed anyone's mind. *Id.* at 972–73. Following the rationale of the tenth circuit, we find that in light of the purposes underlying the Workers' Compensation Act, the only plausible holding in this case is that the Workers' Compensation Act never contemplated inmates under the definition of "employees."

■ The primary purpose of the Workers' Compensation Act is to provide financial security to the injured employee during the period of disability. *State Tax Comm'n v. Industrial Comm'n,* 685 P.2d 1051, 1053 (Utah 1984); *Wilstead v. Industrial Comm'n,* 17 Utah 2d 214, 407 P.2d 692, 693 (Utah 1965); *Crosland v. Board of Review,* 828 P.2d 528, 530 (Utah App.1992). This purpose has no application in the case of inmates, because their financial security does not change with the occurrence of a disability. An inmate's earning capacity is already diminished by virtue of his or her incarceration. Further, the inmate does not depend on his or her ability to work to provide food, shelter, or medical care. These are provided by the prison system regardless of ability to work.

■ Workers' compensation is centered on the relationship between employer and employee. The "essence of a workers' compensation system is that it is a mutual arrangement of reciprocal rights between an

employer and employee whereby both parties give up and gain certain advantages." *Bingham v. Lagoon Corp.*, 707 P.2d 678, 679 (Utah 1985). Although prisoners may participate in various types of prison work programs, this participation does not create the same "mutual arrangement of reciprocal rights" upon which the workers' compensation system is based. The primary purpose of the association between the prison system and the inmate is incarceration, not employment. *Franks,* 7 F.3d at 972.

In light of these purposes, we hold that inmates were not afforded employee status under the Workers' Compensation Act previous to the amendment. Thus the amendment excluding inmates from the statutory definition of "employee" is a clarification, not a change, and should be applied retroactively. Accordingly, Kofoed is not entitled to workers' compensation benefits and we affirm the decision of the Industrial Commission.

GREENWOOD, J., concurs.

ORME, J., concurs in the result.