2000 UT 52

**STOUFFER FOOD CORP. and/or Liberty Mutual Insurance Company, Petitioners,**

v.

**UTAH LABOR COMMISSION, Employers' Reinsurance Fund, and Kathleen Mae Moore, surviving spouse of William Moore, Respondents.**

No. 990050.

Supreme Court of Utah.

June 16, 2000.

Michael E. Dyer, Dori K. Petersen, Salt Lake City, for petitioners.

Sandra N. Dredge, Provo, Alan Hennebold, Erie V. Boorman, Salt Lake City, for respondents.

DURHAM, Justice:

¶ 1 Petitioners, Stouffer Food Corporation ("Stouffer") and Liberty Mutual Insurance Company ("Liberty"), seek review of the court of appeals' decision in *Stouffer Food Corp. v. Labor Commission,* 970 P.2d 272 (Utah Ct.App.1998), holding them liable for death benefit payments to Kathleen Mae Moore beyond the initial 312 weeks after her husband, William Ray Moore, was injured while at work. We affirm, adopting both the court of appeals' analysis and its holding.

## BACKGROUND

¶ 2 Mr. Moore, an employee of Stouffer, was injured on the job and subsequently died due to complications from his injury.[1] As a result, Liberty paid death benefits for 312 weeks to Ms. Moore, a "wholly dependent" person under section 35-1-68 of the Utah Code.[2] At the expiration of the initial 312 weeks, Ms. Moore filed a Declaration of Dependency with the Labor Commission of Utah (the "Commission") claiming continuing dependency on the death benefits provided by Liberty. Thereupon, a dispute arose as to whether the Employers' Reinsurance Fund ("ERF") or Liberty was legally obligated to pay continuing death benefits to Ms. Moore. The Commission's Administrative Law Judge ("ALJ") concluded that "the death benefits statutory scheme specified that the employer/carrier was liable for continuing compensation to a wholly dependent individual after the initial 312-week period." *See Stouffer,* 970 P.2d at 273. Both the appeals board of the Commission and the court of appeals affirmed the ALJ's decision.

---

1. For a more detailed recitation of the facts and procedural history, see *Stouffer,* 970 P.2d at 272–73.

2. This section is currently codified at Utah Code Ann. § 34A–2–702 (1997). However, because "[i]n workers' compensation cases, we determine the rights and liabilities of the parties as of the date when the accident at issue occurred," *Moore v. American Coal Co.,* 737 P.2d 989, 990 (Utah 1987), our analysis is governed by section 35–1–68, the section in effect at the time of Mr. Moore's injury.

## ANALYSIS

■ ¶ 3 After reviewing the court of appeals' opinion pursuant to this writ of certiorari, we conclude that it was entirely correct in determining:

1. "[T]he statutory scheme in place at the time of Mr. Moore's injury, when read as a whole, includes ambiguous and arguably conflicting provisions rendering the application of the statutory provisions uncertain." *Stouffer,* 970 P.2d at 276.

2. The legislative floor debate and subsequent amendments to the statute in 1979 "indicate[ ] the legislature's intent to shift the liability for death benefit payments beyond the initial 312–week period from the ERF to the employer/carrier." *Id.*

Therefore, we affirm the court of appeals' decision to uphold the Commission's order declaring that "Liberty is responsible for the ongoing death[ ]benefit payments to Ms. Moore," *id.* at 277, and fully adopt its analysis.

¶ 4 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM'S opinion.